GREGORY L. WATTS (WSBA #43995)
STEPHANIE L. JENSEN (WSBA #42042)
MARY ZOU (WSBA #58082)
Wilson Sonsini Goodrich & Rosati, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile: (206) 883-2699
Email: gwatts@wsgr.com
Email: sjensen@wsgr.com
Email: mzou@wsgr.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATIONAL CENTER FOR PUBLIC POLICY RESEARCH,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD SCHULTZ, STARBUCKS CORPORATION, KEVIN JOHNSON, JOHN CULVER, RACHEL RUGGERI, TED ADAMS, TYSON AVERY, KELLY BENGSTON, BRADY BREWER, DENNIS BROCKMAN, GEORGE DOWDIE, JEN FRISCH, SHANNON GARCIA, RACHEL GONZALEZ, ZABRINA JENKINS, A.J. JONES, II, SARA KELLY, JENNIFER KRAFT, ANGELA LIS, CARL MOUNT, DENISE NELSEN, ANJU RAO, KYNDRA RUSSELL, DEBBIE STROUD, ROSANN WILLIAMS, GINA WOODS, MELLODY HOBSON, RICHARD E. ALLISON, JR., ANDREW CAMPION, MARY N. DILLON, ISABEL GE MAHE, JORGEN VIG KNUDSTORP, SATYA NADELLA, JOSHUA COOPER RAMO, CLARA SHIH, AND JAVIER G. TERUEL,<br><br>Defendants. | Case No. 2:22-cv-267<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>[REMOVED FROM SPOKANE COUNTY SUPERIOR COURT CASE NO. 22-2-02945-32] |

DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendants Howard Schultz, Starbucks Corporation ("Starbucks"),[1] Kevin Johnson, John Culver, Rachel Ruggeri, Ted Adams, Tyson Avery, Kelly Bengston, Brady Brewer, Dennis Brockman, George Dowdie, Jen Frisch, Shannon Garcia, Rachel Gonzalez, Zabrina Jenkins, A.J. Jones, II, Sara Kelly, Jennifer Kraft, Angela Lis, Carl Mount, Denise Nelsen, Anju Rao, Kyndra Russell, Debbie Stroud, Rossann Williams,[2] Gina Woods, Mellody Hobson, Richard E. Allison, Jr., Mary N. Dillon, Satya Nadella, Joshua Cooper Ramo, Clara Shih, and Javier G. Teruel (together "Defendants")[3] hereby provide notice of removal of the state court action entitled *National Center for Public Policy Research v. Schultz, et al.*, currently pending in the Superior Court of Washington for Spokane County, Case No. 22-2-02945-32 (the "State Action"), to the United States District Court for the Eastern District of Washington.

---

[1] Plaintiff names Starbucks as a defendant in this matter, but appears to purport to bring claims on behalf of Starbucks, which would render Starbucks a nominal defendant.

[2] Plaintiff incorrectly spells Ms. Williams's name as "Rosann Williams."

[3] Defendants Andrew Campion, Isabel Ge Mahe, and Jorgen Vig Knudstorp have not been served nor appeared in this action or the State Action.

DEFENDANTS' NOTICE OF REMOVAL - 1 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

## I. BACKGROUND

On August 30, 2022, Plaintiff National Center for Public Policy Research commenced the State Action in the Superior Court of Washington for Spokane County. Exs. A (Civil Cover Sheet),[4] B ("Complaint" or "Compl."). Plaintiff is a purported stockholder of Starbucks. Compl. ¶ 10. Service was effectuated upon the Defendants on October 17, 2022. Jensen Decl. ¶ 3. There have been no further proceedings in the State Action, and no other pleadings have been filed or served upon Plaintiff or Defendants. *Id.* ¶ 4.

The Complaint brings multiple causes of action challenging certain Starbucks diversity and inclusion initiatives. First, the Complaint seeks declaratory judgments that these initiatives violate federal and state laws, including 42 U.S.C. § 1981, Title VII, and "relevant state-law enactments, including at least those of Washington, California, New Jersey, and New York," and thus expose Starbucks to material potential liability. Compl. ¶¶ 72-124. Second, the Complaint alleges that Starbucks directors and officers breached their fiduciary duties to Starbucks in adopting and

---

[4] Contrary to Washington State Superior Court Administrative Rule 2 and Spokane County Administrative Rule 0.4.1(b), Plaintiff failed to file a Case Information Cover Sheet or Spokane County Clerk Indexing Sheet with its Complaint. Defendants provide a Civil Cover Sheet here as Exhibit A.

DEFENDANTS' NOTICE OF REMOVAL - 2 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

implementing these initiatives. *Id.* ¶¶ 125-41. Third, the Complaint challenges these same initiatives as *ultra vires* acts. *Id.* ¶¶ 142-50. And finally, the Complaint seeks injunctive relief against the continuing use or implementation of these initiatives. *Id.* ¶¶ 151-60.

## II. BASES FOR REMOVAL

The Complaint was served on October 17, 2022. This notice of removal is timely because it is filed within 30 days of that service. 28 U.S.C. § 1446(b). All served Defendants consent to the removal of the State Action.

***Federal Question Jurisdiction.*** First, removal is proper under 28 U.S.C. § 1331 because certain of Plaintiff's claims arise under the laws of the United States. Federal question jurisdiction exists over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)), *cert. denied sub nom. Chevron Corp. v. City of Oakland*, 141 S. Ct. 2776 (2021). Federal question jurisdiction is satisfied where the "'complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Indep. Living Ctr. of S. Cal., Inc. v. Kent*, 909 F.3d 272,

DEFENDANTS' NOTICE OF REMOVAL - 3 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

278 (9th Cir. 2018) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983)); *see also Sauk-Suiattle Indian Tribe v. City of Seattle*, No. 2:21-cv-1014, 2021 WL 4200173, at *1 (W.D. Wash. Nov. 9, 2021) (denying a motion to remand and finding federal question jurisdiction because the complaint sought declaratory and injunctive relief under RCW 7.24.010 that the presence and operation of the Gorge Dam violated state and federal law by blocking the passage of fish within the Skagit River, raising a substantial federal issue), *appeal filed*, No. 22-35000 (9th Cir. Jan. 3, 2022).

Here, the Complaint's first cause of action seeks a declaration that the Starbucks initiatives violate 42 U.S.C. § 1981. Compl. ¶¶ 72-89. The Complaint's second cause of action seeks a declaration that the Starbucks initiatives violate Title VII of the Civil Rights Act of 1964. *Id.* ¶¶ 90-99. The Complaint's fourth cause of action seeks a declaratory judgment that these alleged violations of federal law "expose Starbucks to material potential liability." *Id.* ¶¶ 109, 117, 118, 120, 124. The Complaint's fifth and sixth causes of action assert that the individual defendants breached their fiduciary duties by adopting, implementing and retaining these initiatives allegedly in violation of federal law. *Id.* ¶¶ 125-141. The Complaint's seventh cause of action asserts that the adoption, implementation, and retention of these initiatives constitute *ultra vires* corporate acts because they allegedly violate federal law. *Id.* ¶¶ 148, 150. The Complaint's eighth cause of action seeks to enjoin

DEFENDANTS' NOTICE OF REMOVAL - 4 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

these initiatives because they allegedly violate federal law. *Id.* ¶¶ 154, 155, 160. Thus, on the face of the Complaint, federal question jurisdiction exists for removal of this action.

**Diversity Jurisdiction.** Second, removal is independently proper under 28 U.S.C. § 1332 because there is diversity of citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs. "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). As the Supreme Court has explained, a company's principal place of business is the state where the company's "officers direct, control, and coordinate [its] activities" and "should normally be the place where [it] maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Complete diversity exists between Plaintiff and Defendants in this action. Plaintiff is a Delaware non-profit corporation, with its principal place of business in Washington, D.C. Compl. ¶ 10. None of the Defendants are alleged to be residents of Delaware or Washington, D.C. As the Complaint recognizes, Starbucks is a Washington corporation with its principal place of business in Seattle, Washington. *Id.* ¶ 11. Defendants Johnson, Schultz, Culver, Ruggeri, Adams, Avery, Bengston, Brewer, Brockman, Dowdie, Frisch, Garcia, Gonzalez, Jenkins, Jones, Kelly, Kraft Lis, Mount, Nelsen, Rao, Russell, Stroud, Williams, Woods, and Nadella are alleged

DEFENDANTS' NOTICE OF REMOVAL - 5 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

to be residents of Washington State. *Id.* ¶¶ 12-36, 44. Defendants Hobson and Shih are alleged to be residents of California. *Id.* ¶¶ 38, 46. Defendant Allison is alleged to be a resident of Michigan. *Id.* ¶ 39. Defendant Dillon is alleged to be a resident of Illinois. *Id.* ¶ 41. Defendant Ramo is alleged to be a resident of New York. *Id.* ¶ 45. Defendant Teruel is alleged to be a citizen of Mexico. *Id.* ¶ 47.[5]

The amount in controversy is also satisfied here based on Plaintiff's demand for damages related to the alleged breaches of fiduciary duties and *ultra vires* acts, including punitive damages, and attorneys' fees, costs, and expenses. *Id.* at 25. The notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

While Defendants deny that Plaintiff is entitled to *any* of the relief it seeks, Plaintiff's claims put more than $75,000 in controversy. Here, Plaintiff seeks damages for losses allegedly suffered by Starbucks as a result of these challenged initiatives. Compl. ¶¶ 133, 150. Plaintiff alleges that the challenged initiatives "have

---

[5] The unserved defendants are also alleged to have complete diversity from Plaintiff. Compl. ¶¶ 40 (Campion allegedly a resident of Oregon), 42 (Ge Mahe allegedly a resident of the People's Republic of China), 43 (Knudstorp allegedly a resident of the Kingdom of Denmark).

DEFENDANTS' NOTICE OF REMOVAL - 6 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

exposed Starbucks to the risk of a series of potential lawsuits, bringable by many different parties, each of which has . . . the apparent right to recover both uncapped real economic damages and uncapped punitive damages" and asks the Court "to award Starbucks its damages for the losses suffered by Starbucks" as a result of these purported violations. *Id.* ¶ 131, 133. Again, while the claims are disputed, it is reasonable to presume that "a series of potential lawsuits" with "uncapped real economic damages and uncapped punitive damages" under 42 U.S.C. § 1981, Title VII, and state civil rights laws would exceed a total amount of $75,000 in controversy. In addition, one of the challenged initiatives is that Starbucks will increase the amount it spends with diverse suppliers from $800 million to $1.5 billion by 2030, an increase in excess of $75,000. *Id.* ¶ 53.

**Supplemental Jurisdiction.** Third, this Court should exercise supplemental jurisdiction over Plaintiff's third cause of action, for violation of various state civil rights laws, and the state law components of Plaintiff's other causes of action because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The Complaint's various causes of action all challenge Starbucks diversity and inclusion initiatives, and separately adjudicating the state and federal claims would be an inefficient use of judicial resources. Thus, exercising supplemental jurisdiction over Plaintiff's state law claims is appropriate in this case. *See Sauk-Suiattle*, 2021 WL

Defendants' Notice of Removal - 7 -

Wilson Sonsini Goodrich & Rosati
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

5200173, at *4 (exercising supplemental jurisdiction over state law claims where the "various causes of action all center on a single, discrete issue").

### III.    STATEMENT OF VENUE

The United States District Court for the Eastern District of Washington is the judicial district embracing the place where the State Action was originally filed by Plaintiff and is therefore the appropriate court for removal.

### IV.    CONCLUSION

For the above reasons, Defendants request that the State Action now pending in the Superior Court of Washington for Spokane County be removed to this Court.

Dated: November 7, 2022            Respectfully submitted,

By:  s/ Gregory L. Watts
By:  s/ Stephanie L. Jensen
By:  s/ Mary Zou
Gregory L. Watts, WSBA #43995
Stephanie L. Jensen, WSBA #42042
Mary Zou, WSBA #58082
Wilson Sonsini Goodrich & Rosati, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone:  (206) 883-2500
Facsimile:   (206) 883-2699
Email: gwatts@wsgr.com
          sjensen@wsgr.com
          mzou@wsgr.com

*Counsel for Defendants Howard Schultz, Starbucks Corporation, Kevin Johnson, John Culver, Rachel Ruggeri, Ted Adams, Tyson Avery, Kelly Bengston, Brady Brewer, Dennis Brockman, George Dowdie, Jen Frisch, Shannon Garcia,*

DEFENDANTS' NOTICE OF REMOVAL - 8 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

*Rachel Gonzalez, Zabrina Jenkins, A.J. Jones, II, Sara Kelly, Jennifer Kraft, Angela Lis, Carl Mount, Denise Nelsen, Anju Rao, Kyndra Russell, Debbie Stroud, Rossann Williams, Gina Woods, Mellody Hobson, Richard E. Allison, Jr., Mary N. Dillon, Satya Nadella, Joshua Cooper Ramo, Clara Shih, and Javier G. Teruel*

DEFENDANTS' NOTICE OF REMOVAL - 9 -

# CERTIFICATE OF SERVICE

I certify that on this 7th day of November, 2022, I caused a copy of the foregoing Notice of Removal to be electronically filed with the Clerk of the Court using the CM/ECF system and emailed and mailed by first class United States mail, postage prepaid, to the following:

Joel B. Ard
P.O. Box 11633
Bainbridge Island, WA 98110
Joel@Ard.law
*Counsel for Plaintiff*

Dated: November 7, 2022

                 s/ Gregory L. Watts
                 Gregory L. Watts, WSBA #43995

CERTIFICATE OF SERVICE - 10 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699