FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 21, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATIONAL CENTER FOR PUBILC POLICY RESEARCH,<br><br>    Plaintiff,<br><br>    v.<br><br>HOWARD SCHULTZ, et al.,<br><br>    Defendants. | No. 2:22-CV-00267-SAB<br><br>**ORDER DENYING MOTION TO CHANGE VENUE** |

    Plaintiff initiated this action in Spokane County Superior Court, and Defendants removed it to the Eastern District of Washington on November 7, 2022. Plaintiff is a Delaware non-profit corporation, with its principal place of business in Washington, D.C. None of the Defendants are alleged to be residents of Delaware or Washington, D.C. On August 22, 2022, Plaintiff commenced this action in the Spokane County Superior Court. On October 17, 2022, Defendants removed the state action to the Eastern District. Plaintiffs are suing Starbucks and various Directors and Officers of Starbucks, seeking a declaratory judgment that certain policies of Starbucks violate 42 U.S.C. § 1981, Title VII, and various state laws that prohibit discrimination; that Starbuck's Directors and Officers breached their fiduciary obligations and violated Wash. Rev. Code § 7.24.010. Plaintiffs are seeking injunctive relief.

**ORDER DENYING MOTION TO CHANGE VENUE # 1**

Defendants move to transfer this action to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a). Defendants argue this action should be transferred to the Western District of Washington because this is where Starbucks is headquartered, where the key operative facts took place, and where many of Defendants, potential witnesses, and vital documents are located. Defendants assert the transfer to the Western District would facilitate the most convenient, cost-effective, and efficient method of addressing the issues presented in this case.

Upon reviewing the briefing and the relevant caselaw, the Court denies Defendants' Motion to Change Venue to the Western District of Washington.

## Legal Standard

28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purpose of the section is to "prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). Section 1404(a) effectively codified the doctrine of *forum non conveniens* but allows for the direct transfer from one federal forum to another, proper forum instead of dismissal of the action. *Atl. Marine Construction Co. v. U.S. Dist. Court for the Western Dist. of Texas*, 571 U.S. 49, 60 (2013).

For the purposes of § 1404, a case "might have been brought" in another forum if that forum has both subject-matter and personal jurisdiction over the case and parties and would be a proper venue under Section 1391(b). *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Once this element is satisfied, district courts apply an eight-factor balancing test to evaluate whether convenience, fairness, and the

**ORDER DENYING MOTION TO CHANGE VENUE # 2**

interests of justice support transfer. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). District courts must analyze whether: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to plaintiff's cause of action in the chose forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and; (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). A court may consider the location where relevant agreements were negotiated and executed, the respective parties' contacts with the forum, and the contacts relating to the plaintiff's cause of action in the chosen form. *Id.*

In addition to the *Jones* factors, a plaintiff's choice of forum is generally due substantial deference. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). The defendant bears the burden of establishing that transfer is appropriate. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). The defendant must make a strong showing that inconvenience and the interests of justice warrant upsetting a plaintiff's choice of forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The decision to transfer, however, is ultimately left to the district court's discretion based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen* 376 U.S. at 622). In this District, "great weight is generally accorded plaintiff's choice of forum unless the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter." *Peterson v. Nat'l Sec. Techs., LLC*, No.12-CV-5025-TOR, 2012 WL 3264952, at *3 (E.D. Wash. Aug. 9, 2012).

//
//

**ORDER DENYING MOTION TO CHANGE VENUE** # 3

## Analysis

Under Section 1404(a), the Western District is one where the case "might have been brought", but the balancing *Jones* factors do not weigh in favor of Defendants' motion to transfer this case to the Western District. Of the eight factors considering convenience, fairness, and the interest of justice outlined in *Jones*, five are neutral as to whether the case is litigated in either district, and three factors favor maintaining this action in the Eastern District of Washington Specifically, Plaintiff's choice of forum, the respective parties' contacts with the forum, and those contacts relating to Plaintiff's cause of action in this chosen forum weigh in favor of continuing this matter in the Eastern District.

Factors one, two, six, seven, and eight outlined in *Jones* (and listed in order above) are neutral as to whether the Court should transfer this matter to the Western District. No explicit agreement was negotiated between the parties, let alone one that would favor one venue over another. Both Districts are equally familiar with Federal and Washington State law. As stated in the briefing, modern litigation can take place over the internet, and the costs incurred upon the parties travelling to the Eastern District are negligible. Similarly, the majority of potential non-party witnesses are nearby. Indeed, some courts have noted that convenience of witnesses is "the most important factor in resolving a motion to transfer." *Lopez v. BeavEx, Inc.*, 2015 WL 2437907, at *2 (N.D. Cal. May 20, 2015); *see also Burns v. Gerber Products Co.*, 922 F. Supp. 2d 1168, 1173 (E.D. Wash. 2013). But Plaintiff has not identified any witnesses, thus the Court only considers general convenience. Finally, most, if not all the potential sources of proof in this case will be electronic. Therefore, *Jones* factors one, two, six, seven, and eight are fair, convenient, and in the interest of justice for either District.

*Jones* factors three, four, and five favor litigating this matter in the Eastern District. As Plaintiff points out in *Peterson*, this Court holds that, "*great* weight is generally accorded plaintiff's choice of forum unless the operative facts have not

**ORDER DENYING MOTION TO CHANGE VENUE** # 4

occurred within the forum and the forum has no interest in the parties or subject matter." *Peterson*, at *3. Spokane County was Plaintiff's first chose, thus evidencing a choice that this case remain in the Eastern District of Washington. Plaintiff showed a modicum of operative facts exist here and that this forum has an interest in the parties and subject matter. Defendant Starbucks' operations and Plaintiff's representation of a portion of resident shareholders is as much present in the Eastern District, as in any other federal district in the country. Upon analysis, then, *Jones* factors three, four, and five favor continuing this dispute in the Eastern District.

On balance, the factors weigh in favor of keeping this matter before the Eastern District of Washington. While this matter could have been brought in the Western District, an analysis under the *Jones* balancing test shows that convenience, fairness, and the interests of justice are not inhibited by maintaining this litigation here. Of the eight factors, five are neutral and three favor maintaining litigation before this Court.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Change Venue to the Western District of Washington, ECF No. 9, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 21st day of March 2023.



Stanley A. Bastian
Chief United States District Judge

ORDER DENYING MOTION TO CHANGE VENUE # 5