1  GREGORY L. WATTS (WSBA #43995)
   STEPHANIE L. JENSEN (WSBA #42042)
2  MARY ZOU (WSBA #58082)
   Wilson Sonsini Goodrich & Rosati, P.C.
3  701 Fifth Avenue, Suite 5100
   Seattle, WA 98104-7036
4  Telephone:  (206) 883-2500
   Facsimile:   (206) 883-2699
5  Email:      gwatts@wsgr.com
   Email:      sjensen@wsgr.com
6  Email:      mzou@wsgr.com
   *Attorneys for Defendants*

7

8                  UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF WASHINGTON

9

10 | NATIONAL CENTER FOR PUBLIC POLICY RESEARCH, | Case No. 2:22-CV-00267-SAB |
|---|---|
|                  Plaintiff, | **INDIVIDUAL DEFENDANTS' MOTION TO DISMISS COMPLAINT** |
|        v. | |
| HOWARD SCHULTZ, STARBUCKS CORPORATION, KEVIN JOHNSON, JOHN CULVER, RACHEL RUGGERI, TED ADAMS, TYSON AVERY, KELLY BENGSTON, BRADY BREWER, DENNIS BROCKMAN, GEORGE DOWDIE, JEN FRISCH, SHANNON GARCIA, RACHEL GONZALEZ, ZABRINA JENKINS, A.J. JONES, II, SARA KELLY, JENNIFER KRAFT, ANGELA LIS, CARL MOUNT, DENISE NELSEN, ANJU RAO, KYNDRA RUSSELL, DEBBIE STROUD, ROSANN WILLIAMS, GINA WOODS, MELLODY HOBSON,  RICHARD E. ALLISON, JR., ANDREW CAMPION, MARY N. DILLON, ISABEL GE MAHE, JORGEN VIG KNUDSTORP, SATYA NADELLA, JOSHUA COOPER RAMO, CLARA SHIH, AND JAVIER G. TERUEL, | HEARING DATE:  08/11/2023 With Oral Argument:  9:30 a.m. VIA VIDEOCONFERENCE |
|                  Defendants. | |

INDIVIDUAL DEFS.'
MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

I.    INTRODUCTION ............................................................. 1

II.   STATEMENT OF FACTS ................................................. 1

III.  ARGUMENT ..................................................................... 3

     A.    The Complaint Fails to State a Claim Under Rule 12(b)(6) ................ 3

           1.    Plaintiff Cannot Invoke the Uniform Declaratory Judgments Act Because It Lacks Standing and a Justiciable Controversy, Requiring Dismissal of Counts I-IV ............................................................... 3

                a.    Plaintiff Lacks Standing to Seek a Declaratory Judgment ........................................... 5

                b.    Plaintiff Fails to Plead a Justiciable Controversy to Seek a Declaratory Judgment ........................... 6

           2.    The Initiatives Are Quintessential Business Decisions Protected by the Business Judgment Rule, Requiring Dismissal of Counts V-VII ........................................ 9

           3.    The Complaint Fails to Plead Defendants' Participation in the Adoption or Implementation of the Initiatives ............... 14

           4.    The Claims Against the Directors Should Be Dismissed Because the Company's Bylaws Exculpate Them From Personal Liability ...................................... 17

     B.    Defendants Join the Company's Motion to Dismiss ........................... 20

IV.  CONCLUSION ................................................................... 20

INDIVIDUAL DEFS.'
MOTION TO DISMISS        - i -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Am. Legion Post #149 v. Wash. State Dep't of Health*,
164 Wash. 2d 570, 192 P.3d 306 (2008) ....................................4, 5, 8

*Amalgamated Transit Union Loc. No. 1576 v. Snohomish Cnty. Pub. Transp. Ben. Area*,
178 Wash. App. 566, 316 P.3d 1103 (2013) ....................................6

*Aronson v. Lewis*,
473 A.2d 805 (Del. 1984), *overruled on other grounds*, *Brehm v. Eisner*, 746 A.2d 244 (Del. 1998)..............................................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................13, 16

*Bangerter v. Hat Island Cmty. Ass'n*,
14 Wash. App. 2d 718, 472 P.3d 998 (2020), *rev'd in part on other grounds*, 199 Wash. 2d 183, 504 P.3d 813 (2022) ............................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................15

*Blanke v. Rochester Tel. Corp.*,
36 F. Supp. 2d 589 (W.D.N.Y. 1999)....................................13, 14

*Cede & Co. v. Technicolor, Inc.*,
634 A.2d 345 (Del. 1993)....................................................12

*City of Pontiac Police and Fire Ret. Sys. v. Caldwell*,
2021 WL 2711750 (N.D. Cal. July 1, 2021) ................................18

*Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*,
140 S. Ct. 1009 (2020)......................................................14

*Davis v. Cox*,
180 Wash. App. 514, 325 P.3d 255 (2014), *reversed on other grounds*, 183 Wash. 2d 269, 351 P.3d 862 (2015)....................................12

*Desimone v. Barrows*,
924 A.2d 908 (Del. Ch. 2007) ..............................................19

*Diversified Indus. Dev. Corp. v. Ripley*,
82 Wash. 2d 811, 514 P.2d 137 (1973) ......................................7

*Espinoza ex rel. JPMorgan Chase & Co. v. Dimon*,
807 F.3d 502 (2d Cir. 2015) ................................................10

*Fernandes v. Bianco*,
2006 WL 6862716 (W.D. Wash. June 22, 2006) ...........................19

INDIVIDUAL DEFS.'
MOTION TO DISMISS                    - ii -

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

*Hartstene Pointe Maint. Ass'n v. Diehl*,
    95 Wash. App. 339, 979 P.2d 854 (1999) ...............................................11, 12

*In re Cornerstone Therapeutics, Inc. S'holder Litig.*,
    115 A.3d 1173 (Del. 2015) ..................................................................18

*In re Essendant, Inc. S'holder Litig.*,
    2019 WL 7290944 (Del. Ch. Dec. 30, 2019) ...........................................17

*In re F5 Networks, Inc.*,
    166 Wash. 2d 229, 207 P.3d 433 (2009) ...............................................10

*In re ITT Corp. Deriv. Litig.*,
    653 F. Supp. 2d 453 (S.D.N.Y. 2009) ...................................................18

*In re Walt Disney Co. Deriv. Litig.*,
    906 A.2d 27 (Del. 2006).....................................................................19

*Jones v. Bernanke*,
    493 F. Supp. 2d 18 (D.D.C. 2007)........................................................13

*Larson Motors, Inc. v. Gen. Motors, LLC*,
    2021 WL 5987038 (W.D. Wash. Dec. 17, 2021) ........................................4

*Lewis Cnty. v. State*,
    178 Wash. App. 431, 315 P.3d 550 (2013) ................................................7, 9

*Magden v. Easterday Farms*,
    2017 WL 1731705 (E.D. Wash. May 3, 2017) ...........................................16

*Miller v. Maxwell's Intern., Inc.*,
    991 F.2d 583 (9th Cir. 1993) ..............................................................16

*Myers v. Alstead*,
    2017 WL 3872408 (W.D. Wash. Sept. 5, 2017) ........................................10

*Nissen v. Lindquist*,
    2017 WL 26843 (W.D. Wash. Jan. 3, 2017) ............................................16

*Ortez v. Washington County, Or.*,
    88 F.3d 804 (9th Cir. 1996) ...............................................................16

*Parnes v. Bally Ent. Corp.*,
    722 A.2d 1243 (Del. 1999) .................................................................12

*Payne v. Norwest Corp.*,
    911 F. Supp. 1299 (D. Mont. 1995), *aff'd in part and rev'd on*
    *other grounds in part*, 113 F. 3d 1079 (9th Cir. 1997)..........................13, 14

*Sauk-Suiattle Indian Tribe v. City of Seattle*,
    56 F.4th 1179 (9th Cir. 2022) ...............................................................4

*Scott v. Pasadena Unified Sch. Dist.*,
    306 F.3d 646 (9th Cir. 2002) .................................................................4

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

*Scott v. Trans-Sys., Inc.*,
   148 Wash. 2d 701, 64 P.3d 1 (2003) ......................................................10, 11

*South v. Baker*,
   62 A.3d 1 (Del. Ch. 2012) ...............................................................................19

*Spokane Valley Fire Dep't v. Int'l Ass'n of Fire Fighters AFL-CIO
   Loc. 3701*,
   2019 WL 1748515 (E.D. Wash. Apr. 18, 2019) .............................................4

*Thompson v. North American Stainless, LP*,
   562 U.S. 170 (2011) .........................................................................................5

*To–Ro Trade Shows v. Collins*,
   144 Wash. 2d 403, 27 P.3d 1149 (2001), *cert. denied*, 535 U.S.
   931 (2002) ....................................................................................................8, 9

*Walker v. Munro*,
   124 Wash. 2d 402, 879 P.2d 920 (1994) .........................................................7

*Wash. State Coal. for the Homeless v. Dep't of Soc. & Health Servs.*,
   133 Wash. 2d 894, 949 P.2d 1291 (1997) ....................................................7, 9

*Wash. State Republican Party v. Wash. State Pub. Disclosure
   Comm'n*,
   141 Wash. 2d 245, 4 P.3d 808 (2000) ...............................................4, 6, 7, 8

*Wood v. Baum*,
   953 A.2d 136 (Del. 2008) ...............................................................................19

## STATUTES

RCW 7.24.010 ......................................................................................................3, 4

RCW 23B.03.010(1) ..............................................................................................11

RCW 23B.08.320 ..................................................................................................17

## RULES

Rule 12(b)(6) ...........................................................................................................1

Rule 23.1 ..................................................................................................................1

INDIVIDUAL DEFS.'
MOTION TO DISMISS
- iv -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

## I.    INTRODUCTION

The individual defendants move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23.1. The Complaint fails to state a claim for several reasons, each separately warranting dismissal. *First*, Plaintiff cannot invoke Washington's Uniform Declaratory Judgments Act because it lacks standing to seek declaratory judgment and fails to present a justiciable controversy, as required by RCW 7.24.010. *Second*, the challenged inclusion and diversity initiatives by Starbucks are protected by the business judgment rule, and Plaintiff does not rebut that presumption. *Third*, Plaintiff fails to state a claim because Plaintiff does not plead how each Defendant was involved in the adoption or implementation of the challenged initiatives. *Finally*, the Directors are exculpated from personal liability for any wrongdoing other than intentional misconduct or knowing violations of law, which Plaintiff fails to sufficiently plead.

## II.    STATEMENT OF FACTS

***The Parties.*** Nominal defendant Starbucks Corporation ("Starbucks" or the "Company") is a premier roaster, marketer, and retailer of specialty coffee globally. Compl. ¶11. The individual defendants are current and former employees, officers, and/or directors of Starbucks. *Id.* ¶¶12-48. Schultz, Johnson, Adams, Avery, Bengston, Brewer, Brockman, Culver, Dowdie, Frisch, Garcia, Gonzalez, Jenkins, Jones, Kelly, Kraft, Lis, Mount, Nelsen, Rao, Ruggeri, Russell, Stroud,

INDIVIDUAL DEFS.'
MOTION TO DISMISS
- 1 -

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

Williams, and Woods are named in their capacity as current or former officers or employees of Starbucks (the "Employees"). *Id.* ¶37. Schultz, Johnson, Allison, Campion, Dillon, Hobson, Nadella, Ramo, Shih, and Teruel are named in their capacity as current or former directors of Starbucks (the "Directors," and, with the Employees, "Defendants").[1] *Id.* ¶48. Plaintiff National Center for Public Policy Research ("Plaintiff"), a conservative non-profit group seeking to "push[] corporate America to the right" through shareholder activism, Ex. 27,[2] is a purported shareholder of Starbucks owning 56 shares. Compl. ¶10; Ex. 7.

*The Challenged Initiatives.* Starting in October 2020, Starbucks announced initiatives relating to its longstanding "commitment to Inclusion, Diversity, and Equity[.]" Compl. ¶50. Plaintiff takes issue with seven of these initiatives: (1) adopting goals to achieve black, indigenous, and people of color representation in corporate, retail, and manufacturing roles; (2) a commitment to completing the roll out of an "analytics tool that will provide leaders with visibility to current diverse representation relative to Starbucks representation goals"; (3) incorporating "measurements focused on building inclusive and diverse teams" into executive compensation programs; (4) entry into the Board Diversity Action Alliance to act alongside peer companies committed to the representation of racially and

---

[1] Isabel Ge Mahe and Jorgen Vig Knudstorp have not been served nor appeared.

[2] "Ex. _" refers to exhibits attached to the Declaration of Stephanie L. Jensen.

INDIVIDUAL DEFS.'
MOTION TO DISMISS

- 2 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1    ethnically diverse directors on corporate boards; (5) increasing Starbucks spend

2    with diverse suppliers; (6) a commitment to allocate a portion of Starbucks

3    advertising budget with minority-owned and targeted media companies; and (7)

4    launching a Leadership Accelerator Program. *Id.* ¶¶51, 53 (the "Initiatives").

5         The Complaint brings multiple causes of action challenging these Initiatives.

6    It seeks declaratory judgments that the Initiatives violate federal and state laws,

7    including 42 U.S.C. § 1981, Title VII, and "relevant state-law enactments,

8    including those of Washington, California, New Jersey, and New York." Compl.

9    ¶¶72-124 (Counts I-IV). It also alleges that Defendants breached their fiduciary

10   duties to Starbucks in adopting and implementing these Initiatives, *id.* ¶¶125-41

11   (Counts V-VI), and that the Initiatives are *ultra vires* acts, *id.* ¶¶142-50 (Count

12   VII). Each claim is brought against all Defendants, but the Complaint does not

13   specify what actions each Defendant took that constituted wrongdoing.

14              **III.    ARGUMENT**

15   **A.    The Complaint Fails to State a Claim Under Rule 12(b)(6)**

16              **1.    Plaintiff Cannot Invoke the Uniform Declaratory
                    Judgments Act Because It Lacks Standing and a Justiciable
17                  Controversy, Requiring Dismissal of Counts I-IV**

18        Plaintiff seeks declaratory judgment under Washington's Uniform

19   Declaratory Judgments Act (the "UDJA"). Compl. ¶¶73, 91, 101, 109 (Counts I-

20   IV). Under the UDJA, "[c]ourts . . . shall have power to declare rights, status and

21

INDIVIDUAL DEFS.'
MOTION TO DISMISS                      - 3 -

other legal relations[.]" RCW 7.24.010.[3] But to request declaratory judgment, Plaintiff must show that it has proper standing and has presented a justiciable controversy. *See Am. Legion Post #149 v. Wash. State Dep't of Health*, 164 Wash. 2d 570, 593-94, 192 P.3d 306 (2008); *Wash. State Republican Party v. Wash. State Pub. Disclosure Comm'n*, 141 Wash. 2d 245, 284, 4 P.3d 808 (2000). Here, Plaintiff fails to show either.

---

[3] Federal courts analyze UDJA-based declaratory judgment claims based upon state law. *See Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1184 & n.8 (9th Cir. 2022); *Larson Motors, Inc. v. Gen. Motors, LLC*, 2021 WL 5987038, at *2 (W.D. Wash. Dec. 17, 2021) (dismissing for lack of standing and justiciability under state law). Even if the Court were to analyze Plaintiff's claims under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, the result would be the same. *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 656, 658 (9th Cir. 2002) (dismissal of federal DJA claim appropriate where alleged injury is "far too speculative" to support standing); *Spokane Valley Fire Dep't v. Int'l Ass'n of Fire Fighters AFL-CIO Loc. 3701*, 2019 WL 1748515, at *7-8 (E.D. Wash. Apr. 18, 2019) (dismissing federal DJA claim for lack of justiciability; noting "differing views of the law are not enough to satisfy Article III" (citation omitted)).

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1

### a.    *Plaintiff Lacks Standing to Seek a Declaratory Judgment*

2      The Complaint's requests for declaratory judgment that the Initiatives

3   violate positive laws or expose Starbucks to material liabilities (Counts I-IV) must

4   be dismissed because Plaintiff lacks standing to seek such relief. To obtain a

5   declaratory judgment under the UDJA, Plaintiff must satisfy a two-part test for

6   standing: (1) Plaintiff must be within the "zone of interests to be protected or

7   regulated by the statute" in question; and (2) Plaintiff must have suffered an

8   "injury in fact." *Am. Legion Post*, 164 Wash. 2d at 593-94 (citation omitted).

9   Plaintiff fails both parts of the test.

10      *First*, Plaintiff is not within the "zone of interests to be protected" by Title

11   VII, Section 1981, or state civil rights laws because they are designed to protect

12   employees and job applicants. The Complaint admits that Plaintiff is not a current

13   or former employee or job applicant of Starbucks; Plaintiff brings its claims solely

14   as a shareholder. Compl. ¶10. In *Thompson v. North American Stainless, LP*, 562

15   U.S. 170, 177 (2011), the U.S. Supreme Court squarely addressed whether a

16   shareholder falls within the "zone of interests" of Title VII, and explained that it

17   would be "absurd" for a shareholder to have standing to bring a Title VII claim as

18   a "person aggrieved" simply by showing his stock value decreased as a

19   consequence of a discriminatory action. For the same reasons, Plaintiff lacks

20   standing to bring its Section 1981 and state civil rights law claims.

21

INDIVIDUAL DEFS.'
MOTION TO DISMISS                    - 5 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1    *Second*, Plaintiff has not pled that it has suffered any injury from the

2    Initiatives. To establish injury under the UDJA, a party must allege "harm personal

3    to the party" that is "substantial rather than speculative or abstract." *Amalgamated*

4    *Transit Union Loc. No. 1576 v. Snohomish Cnty. Pub. Transp. Ben. Area*, 178

5    Wash. App. 566, 572, 316 P.3d 1103 (2013). Here, the Complaint alleges an even

6    more attenuated claim than the "absurd" example provided by the Supreme Court

7    of a shareholder in *Thompson*. Plaintiff claims the Initiatives **might** result in

8    discrimination against particular employees or job applicants, that **might** create a

9    "**risk** of a series of potential lawsuits," that **might** result in "material **potential**

10   liability" to the Company, that in turn **might** create a "**risk** to Plaintiff that the

11   value" of its stock will be reduced as a result. Compl. ¶¶131, 124, 71 (emphasis

12   added). This daisy chain of speculation does not establish that Plaintiff or

13   Starbucks has suffered any injury in fact.

### b.    *Plaintiff Fails to Plead a Justiciable Controversy to Seek a Declaratory Judgment*

15   The Complaint must also be dismissed because Plaintiff fails to present a

16   justiciable controversy and instead impermissibly seeks an advisory opinion from

17   the Court. For a court to render a declaratory judgment under the UDJA, Plaintiff

18   must satisfy four elements to show a justiciable controversy or otherwise show the

19   case presents an issue of major public importance. *Republican Party*, 141 Wash. 2d

20   at 284. A justiciable controversy requires a showing of:

21

INDIVIDUAL DEFS.'
MOTION TO DISMISS                    - 6 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive.

*Id.* (internal quotation marks omitted) (quoting *Wash. State Coal. for the Homeless v. Dep't of Soc. & Health Servs.*, 133 Wash. 2d 894, 917, 949 P.2d 1291 (1997)). Each of these four elements must be met, otherwise the Court "steps into the prohibited area of advisory opinions." *Diversified Indus. Dev. Corp. v. Ripley*, 82 Wash. 2d 811, 815, 514 P.2d 137 (1973); *see also Walker v. Munro*, 124 Wash. 2d 402, 414, 879 P.2d 920 (1994) ("long-standing rule" that Washington courts "[are] not authorized under [the UDJA] to render advisory opinions or pronouncements upon abstract of speculative questions.").

Here, Plaintiff fails to plead "an actual, present, and existing dispute or even the mature seeds of such a dispute" brought by specific current, former, or prospective employees of Starbucks relating to the Initiatives. *Lewis Cnty. v. State*, 178 Wash. App. 431, 436-37, 315 P.3d 550 (2013) (dismissing complaint for declaratory judgment where plaintiff failed to identify any actual lawsuits other than "bare assertions" that proceedings may be brought "from time to time"). At most, Plaintiff presents conclusory allegations of "***potential***, nationwide litigation, from a large universe of complainants[.]" Compl. ¶159 (emphasis added); *see also*

INDIVIDUAL DEFS.'
MOTION TO DISMISS                           - 7 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1  *id.* ¶118 (alleging EEOC "could" launch an investigation); ¶119 (alleging State

2  Attorney Generals "also have the option" to bring actions); ¶123 (alleging "actors

3  could bring actions"); ¶131 (alleging "risk of a series of potential lawsuits"). In

4  other words, Plaintiff improperly seeks an advisory opinion regarding the

5  Initiatives based upon hypotheticals and speculation, not a justiciable controversy.

6      Even if Plaintiff had properly pled an existing dispute or lawsuit, that would

7  only show that there may be a justiciable controversy between Starbucks and a

8  current, former, or prospective employee—not between Plaintiff and Defendants.

9  *See Am. Legion Post*, 164 Wash. 2d at 593 (noting that standing requirements tend

10  to overlap with the requirements for justiciability). As explained above, the

11  **potential** diminution to Plaintiff's 56 shares of Starbucks stock, as a collateral

12  consequence of a potential lawsuit between the Company and an employee, cannot

13  confer standing to Plaintiff under Title VII. *See supra* at 6. Plaintiff cannot show

14  how it has a "direct and substantial" interest to seek such a declaratory judgment.

15  *Republican Party*, 141 Wash. 2d at 284.

16      The Complaint does not identify an issue of "major public importance" to

17  warrant the Court's declaratory judgment without meeting the justiciability

18  elements. *Id*. The major public importance exception applies only in "rare

19  occasions where the interest of the public in the resolution of an issue is

20  overwhelming and where the issue has been adequately briefed and argued." *To–*

21

INDIVIDUAL DEFS.'                                      **WILSON SONSINI GOODRICH & ROSATI**
MOTION TO DISMISS              - 8 -                   701 Fifth Avenue, Suite 5100
                                                      Seattle, WA 98104-7036
                                                      Tel: (206) 883-2500
                                                      Fax: (206) 883-2699

*Ro Trade Shows v. Collins*, 144 Wash. 2d 403, 416, 27 P.3d 1149 (2001), *cert. denied*, 535 U.S. 931 (2002). Washington courts rarely apply the major public importance exception, which they have reserved for cases involving eligibility for public office, freedom of choice in elections, the constitutionality of excise taxes, and government duties for providing services to homeless children. *Lewis Cnty.*, 178 Wash. App. at 440; *Wash. State Coal. for the Homeless*, 133 Wash. 2d at 918. In contrast, a commercial or financial interest typically does not warrant applying the major public importance exception. *See To–Ro Trade Shows*, 144 Wash. 2d at 416. Here, Plaintiff's concerns over protecting the value of its 56 shares of Starbucks stock is hardly a matter of "broad overriding public import." *Id.*

### 2. The Initiatives Are Quintessential Business Decisions Protected by the Business Judgment Rule, Requiring Dismissal of Counts V-VII

Plaintiff fails to state a claim for Counts V to VII (breaches of fiduciary duty and *ultra vires* actions) because the Initiatives were business judgments, protected by the business judgment rule.[4] "Courts are reluctant to interfere with the internal management of corporations and generally refuse to substitute their judgment for that of the directors." *Id*. For this reason, the business judgment rule protects

---

[4] To the extent that Plaintiff seeks to bring a claim against the Directors for their refusal of Plaintiff's Demand, it is protected by the business judgment rule as explained in the Company's Motion to Dismiss concurrently filed herewith.

INDIVIDUAL DEFS.'
MOTION TO DISMISS

- 9 -

directors (and officers) with "a rebuttable 'presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *Myers v. Alstead*, 2017 WL 3872408, at *4 (W.D. Wash. Sept. 5, 2017) (quoting *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984), *overruled on other grounds*, *Brehm v. Eisner*, 746 A.2d 244 (Del. 1998)).[5] The burden is on Plaintiff to rebut the strong presumption of the business judgment rule. *Myers*, 2017 WL 3872408, at *4; *see also Espinoza ex rel. JPMorgan Chase & Co. v. Dimon*, 807 F.3d 502, 505 (2d Cir. 2015).

Here, the corporate initiatives and aspirational goals challenged by Plaintiff are quintessential business decisions left to the judgment of the Company's directors and officers. *Bangerter v. Hat Island Cmty. Ass'n*, 14 Wash. App. 2d 718, 732, 472 P.3d 998 (2020) ("The [business judgment] rule clearly applies to managerial decisions made by individual officers or directors of a corporation."), *rev'd in part on other grounds*, 199 Wash. 2d 183, 504 P.3d 813 (2022). Under the business judgment rule, "corporate management [and directors are] immunized

---

[5] "Washington courts often look to Delaware courts for guidance on issues that arise in shareholder derivative suits." *Myers*, 2017 WL 3872408, at *4 n.4; *see also In re F5 Networks, Inc.*, 166 Wash. 2d 229, 239-40, 207 P.3d 433 (2009) (looking to Delaware law on derivative litigation for guidance).

INDIVIDUAL DEFS.'
MOTION TO DISMISS

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

from liability in a corporate transaction where (1) the decision to undertake the transaction is within the power of the corporation and the authority of management, and (2) there is a reasonable basis to indicate that the transaction was made in good faith." *Scott v. Trans-Sys., Inc.*, 148 Wash. 2d 701, 709, 64 P.3d 1 (2003) (citation omitted).

Here, the Initiatives are within the power of Starbucks and the authority of Starbucks management. Contrary to Plaintiff's allegations, Compl. ¶¶142-50, the Initiatives do not constitute *ultra vires* acts. "The phrase '*ultra vires*' describes corporate transactions that are outside the purposes for which a corporation was formed and, thus, beyond the power granted the corporation by the Legislature." *Hartstene Pointe Maint. Ass'n v. Diehl*, 95 Wash. App. 339, 344, 979 P.2d 854 (1999). RCW 23B.03.010(1) states that "every corporation incorporated under this title has the purpose of engaging in any lawful business unless a more limited purpose is set forth in the articles of incorporation." Plaintiff does not allege that the roasting, marketing, and retailing of specialty coffee is outside the purposes for which Starbucks was formed or that such business is inherently unlawful. Nor does Plaintiff allege that corporate decisions as to hiring, promoting, or training qualified employees, or contracting with suppliers and merchants fall outside the Company's standard operations or are inherently illegal corporate actions. Instead, the Complaint quarrels with "the way in which such control was exercised[,]"

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

disagreeing with the way Defendants handled these standard operations. *Hartstene*, 95 Wash. App. at 345. Such business judgments are not *ultra vires* actions. *Id.*

The business judgment rule is a "powerful presumption," *Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345, 361 (Del. 1993), and can only be "rebutted in those *rare* cases where the decision under attack is ***so far beyond the bounds of reasonable judgment that it seems essentially inexplicable on any ground other than bad faith***." *Parnes v. Bally Ent. Corp.,* 722 A.2d 1243, 1246 (Del. 1999) (internal quotations and citation omitted, emphasis added); *see also Davis v. Cox*, 180 Wash. App. 514, 535, 325 P.3d 255 (2014) ("The business judgment rule cautions against courts substituting their judgment for that of the board of directors, absent evidence of fraud, dishonesty, or incompetence."), *reversed on other grounds*, 183 Wash. 2d 269, 351 P.3d 862 (2015).

Here, Plaintiff fails to plead that Defendants' decisions regarding the Initiatives were made in bad faith. Even if one disagrees with the purpose and goals of the Initiatives—reflecting the Company's "commitment to Inclusion, Diversity, and Equity" through "intentionality, transparency and accountability," Compl. ¶¶50, 52—they clearly are not "so far beyond the bounds of reasonable judgment" that they can only be described as "bad faith." *Parnes*, 722 A.2d at 1246 (citation omitted). Ignoring the Company's laudable purpose—the antithesis of bad faith—Plaintiff alleges that Defendants breached their fiduciary duties to Starbucks

INDIVIDUAL DEFS.'
MOTION TO DISMISS                                    - 12 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

with these Initiatives "[b]ecause it benefits them personally to pose as virtuous advocates of 'Inclusion, Diversity, and Equity.'" Compl. ¶6. Plaintiff, however, alleges no facts showing that any of the Defendants were motivated by a self-interested desire to signal their own personal virtue. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (conclusory allegations "not entitled to the assumption of truth"). Contrary to Plaintiff's cynical view of the world, individuals and organizations can, and do, decide to "do good" because they believe it is moral, not for self-aggrandizement. And "doing good" also can be good for business.

Plaintiff's allegations of both bad faith and *ultra vires* action are premised on the illegality of the Initiatives. But courts that have addressed employer diversity initiatives have generally recognized that the existence of diversity initiatives, such as representational goals and timetables similar to the Initiatives here, do not violate Title VII or other civil rights laws, and therefore could not be beyond the authority of management. *See, e.g.*, *Jones v. Bernanke*, 493 F. Supp. 2d 18, 29 (D.D.C. 2007) ("In short, the mere existence of a diversity policy, without more, is insufficient to make out a [] case of reverse discrimination"); *Blanke v. Rochester Tel. Corp.*, 36 F. Supp. 2d 589, 597-98 (W.D.N.Y. 1999) (specific targets for the number of minority employees did not suggest that white employees would be let go in the process and the company's stated objectives indicated no more than that managers should be on the lookout for, or actively recruit minority

INDIVIDUAL DEFS.'
MOTION TO DISMISS                                    - 13 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

candidates when positions did become open); *Payne v. Norwest Corp.*, 911 F. Supp. 1299, 1305-06 (D. Mont. 1995) (internal memo recommending increasing the number of women and minorities in certain positions and fact that company had diversity goals and kept statistics on the number of minorities employed at managerial levels did not give rise to inference that plaintiff was fired because he was white), *aff'd in part and rev'd on other grounds in part*, 113 F. 3d 1079 (9th Cir. 1997). In order to plead a claim under Title VII and similar civil rights statutes, Plaintiff must, but fails to, show that the Initiatives caused actual, instead of potential, adverse employment or contract outcomes. *See Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1014-16, 1019 (2020) (requiring proof of but-for causation linking discriminatory intent with the challenged act or omission); *see supra* at 6; *see also* Compl ¶60 (acknowledging that Plaintiff must show "but-for cause" of an employment action to trigger liability under Title VII).

### 3. The Complaint Fails to Plead Defendants' Participation in the Adoption or Implementation of the Initiatives

Although the Complaint names 35 individuals as defendants, it fails to allege that a single one participated in the adoption or implementation of the Initiatives. For the Employees, Plaintiff identifies their job titles, Compl. ¶¶12-37, and with

INDIVIDUAL DEFS.'
MOTION TO DISMISS
- 14 -
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

only two exceptions,[6] merely alleges that an undifferentiated group of all "individual Defendants" somehow "adopt[ed], implement[ed], and retain[ed]" the Initiatives. *Id*. ¶6. For the Directors, Plaintiff identifies their membership on the Board, *id*. ¶¶38-48, and alleges, as with the Employees, that they are part of the same group of "individual Defendants" who somehow adopted and implemented the Initiatives. *Id*. ¶6. The only additional allegation as to the Directors is that they rejected Plaintiff's Demand, and in doing so retained the Initiatives. *Id*. ¶¶68, 130, 140. This Court should not accept such "bare," "conclusory," and "speculative" allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). Indeed, where the facts pled do not permit the court to infer more than the "mere possibility" of wrongdoing, a complaint "stops short of the line between possibility

---

[6] Plaintiff alleges Brockman stated that "[t]hrough intentionality, transparency and accountability, I believe we will continue to make substantial change on behalf of all our employees." Compl. ¶52. This does not indicate Brockman's involvement with the Initiatives. Plaintiff alleges that Kraft acknowledged the Board's receipt of Plaintiff's Demand and communicated the Board's determination that "it is not in the best interest of Starbucks to accept the Demand and retract" the Initiatives. *Id*. ¶¶66-68. Neither indicates Kraft's involvement with the Initiatives, or whether she took part in the decision to reject Plaintiff's Demand.

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

and plausibility" and must be dismissed. *Iqbal*, 556 U.S. at 678-79.[7]

Moreover, Defendants cannot be held personally liable for employer discrimination or may only be held personally liable where they participated in the employer discrimination, something the Complaint fails to allege. *See, e.g., Miller v. Maxwell's Intern., Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) ("[I]ndividual defendants cannot be held liable for damages under Title VII."); *Ortez v. Washington County, Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (dismissal proper where complaint failed to allege that individuals "knew of or participated in activities" connected to the alleged Section 1983 violation); *Magden v. Easterday Farms*, 2017 WL 1731705, at *5 (E.D. Wash. May 3, 2017) (dismissing state discrimination claims against individual defendants where there was no evidence they "had a role in deciding to terminate [the p]laintiff"). Since Defendants cannot be personally liable for the predicate alleged corporate misconduct (discrimination) and/or Plaintiff fails to plead sufficient facts to show their participation, then Plaintiff fails to state a claim against Defendants for a declaratory judgment against them for such violations (Counts I-IV) or for breaches of fiduciary duty and *ultra vires* acts (Counts V-VII) premised on the alleged corporate misconduct.

---

[7] Such undifferentiated, conclusory allegations "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Nissen v. Lindquist*, 2017 WL 26843, at *2 (W.D. Wash. Jan. 3, 2017).

INDIVIDUAL DEFS.'
MOTION TO DISMISS                    - 16 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1
2

**4.      The Claims Against the Directors Should Be Dismissed Because the Company's Bylaws Exculpate Them From Personal Liability**

3
4
5
6
7
8

Under Washington law, a corporation's articles of incorporation or bylaws may immunize directors from personal liability for actions undertaken in their official capacities unless their actions constitute "intentional misconduct" or a "knowing violation of law." RCW 23B.08.320 (excluding two inapplicable additional exceptions). The Restated Articles of Incorporation of Starbucks contain such an exculpation provision:

9
10
11

> To the full extent that the Washington Business Corporation Act, as it exists on the date hereof or may hereafter be amended, permits the limitation or elimination of the liability of directors, a director of the corporation shall not be liable to the corporation or its shareholders for monetary damages for his or her acts or omissions as a director.

12

Ex. 28, Art. 9. Thus, Plaintiff's claims against the Directors[8] must be dismissed

13
14
15
16
17
18
19
20

[8] Schultz and Johnson are the only Defendants alleged to be both an officer and director. For defendants who serve dual roles, Plaintiff must "clearly draw the distinction between exculpated claims (due care claims relating to [] conduct as [a] Board member) and non-exculpated claims (those relating specifically to [a] role as CEO)." *In re Essendant, Inc. S'holder Litig.*, 2019 WL 7290944, at *15 (Del. Ch. Dec. 30, 2019). The Complaint fails to allege that Schultz and Johnson engaged in any alleged wrongdoing, let alone non-exculpated wrongdoing specifically in their roles as officers.

21

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

unless Plaintiff has sufficiently pled that they engaged in "intentional misconduct" or a "knowing violation of law." Plaintiff fails on both counts.

*First*, Plaintiff's undifferentiated and conclusory allegations that the "individual Defendants" adopted, implemented, and retained the Initiatives, Compl. ¶6, fails to plead a claim, let alone a non-exculpated claim of intentional misconduct or a knowing violation of law, against the Directors. *See* Section I.A.3; *In re Cornerstone Therapeutics, Inc. S'holder Litig.*, 115 A.3d 1173, 1182-83 (Del. 2015) ("each director has a right to be considered individually when the directors face claims for damages in a suit challenging board action"); *In re ITT Corp. Deriv. Litig.*, 653 F. Supp. 2d 453, 465 (S.D.N.Y. 2009) (dismissing derivative complaint for failure to "plead[] specific facts on a director-by-director basis, demonstrating what each Director knew and when, and specifically what action, if any, each Director took or failed to take in response"); *City of Pontiac Police and Fire Ret. Sys. v. Caldwell*, 2021 WL 2711750, at *8 (N.D. Cal. July 1, 2021) (dismissing complaint that "fails to identify *any* communications, meetings or other particularized facts which show that anyone '*knowingly* violated a fiduciary duty'" (citations omitted)).

*Second*, with the possible exception of the entry into the Board Diversity Alliance, Compl. ¶51(d), Plaintiff does not allege that the Board was involved in the adoption or implementation of the Initiatives. Courts regularly dismiss

INDIVIDUAL DEFS.'
MOTION TO DISMISS

- 18 -

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1    complaints where, as here, plaintiffs fail to connect the alleged illegal activity to

2    the board. *See South v. Baker*, 62 A.3d 1, 14-16 (Del. Ch. 2012) (rejecting claim

3    for failure to plead facts sufficient to establish a connection between the corporate

4    trauma and the board); *Desimone v. Barrows*, 924 A.2d 908, 938 (Del. Ch. 2007)

5    (rejecting claim with "no facts to suggest that any member of the board was

6    involved in the details of the [challenged actions]").

7        *Third*, even if Plaintiff sufficiently alleged that the Directors were personally

8    involved in the adoption or implementation of the challenged Initiatives, Plaintiff

9    fails to plead how such involvement constituted a non-exculpated "intentional or

10   knowing violation of law." *Fernandes v. Bianco*, 2006 WL 6862716, at *6 (W.D.

11   Wash. June 22, 2006); *Wood v. Baum*, 953 A.2d 136, 141 (Del. 2008) (requires

12   particularized facts demonstrating "'actual or constructive knowledge' that

13   [directors'] conduct was legally improper"); *In re Walt Disney Co. Deriv. Litig.*,

14   906 A.2d 27, 67 (Del. 2006) (requires "intent to violate applicable positive law").

15   Up to the point of receiving Plaintiff's Demand dated March 25, 2022, long after

16   the Initiatives were adopted and implemented, the Complaint does not allege that

17   the Directors were **ever** informed by **anyone** that the Initiatives violated positive

18   law. This dearth of allegations of pre-Demand knowledge requires dismissal. *See*

19   *Wood*, 953 A.2d at 142 (dismissed because plaintiff did not "plead with

20   particularity the specific conduct in which each defendant 'knowingly' engaged, or

21

that the defendants knew that such conduct was illegal").

*Finally*, while the Directors were on notice of Plaintiff's opinion that the Initiatives violated the law when they rejected Plaintiff's Demand, as shown above in Section I.A.2 and in the Company's motion to dismiss, the Board only did so after reviewing the Initiatives and related documents, consulting with "management, outside counsel and relevant subject matter experts," and reviewing the "current state of potentially applicable law." Ex. 1. Such countervailing information considered by the Board when it rejected the Demand precludes an inference that the Board knew that the Initiatives violated the law and that the decision to reject the Demand, a business judgment, constituted intentional misconduct. The Complaint, therefore, fails to allege a non-exculpated claim against the Directors and must be dismissed.

## B.    Defendants Join the Company's Motion to Dismiss

Defendants respectfully join in the Company's motion to dismiss the Complaint filed concurrently herewith.

## IV.    CONCLUSION

The Complaint should be dismissed because Plaintiff lacks standing to seek a declaratory judgment and fails to present a justiciable controversy, the Initiatives are protected business judgments, Plaintiff fails to plead each Defendants' participation in the Initiatives, and the Directors are exculpated from liability.

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1  Dated: May 19, 2023                    Respectfully submitted,

2                                         By: _s/ Gregory L. Watts_____
                                          By: _s/ Stephanie L. Jensen_____
3                                         By: _s/ Mary Zou_____
                                          Gregory L. Watts, WSBA #43995
4                                         Stephanie L. Jensen, WSBA #42042
                                          Mary Zou, WSBA #58082
5                                         Wilson Sonsini Goodrich & Rosati, P.C.
                                          701 Fifth Avenue, Suite 5100
6                                         Seattle, WA 98104-7036
                                          Telephone:  (206) 883-2500
7                                         Facsimile:   (206) 883-2699
                                          Email: gwatts@wsgr.com
8                                                  sjensen@wsgr.com
                                                   mzou@wsgr.com
9
                                          *Counsel for Defendants Howard Schultz,
10                                        Starbucks Corporation, Kevin Johnson,
                                          John Culver, Rachel Ruggeri, Ted Adams,
11                                        Tyson Avery, Kelly Bengston, Brady
                                          Brewer, Dennis Brockman, George
                                          Dowdie, Jen Frisch, Shannon Garcia,
12                                        Rachel Gonzalez, Zabrina Jenkins, A.J.
                                          Jones, II, Sara Kelly, Jennifer Kraft,
13                                        Angela Lis, Carl Mount, Denise Nelsen,
                                          Anju Rao, Kyndra Russell, Debbie Stroud,
14                                        Rossann Williams, Gina Woods, Mellody
                                          Hobson, Richard E. Allison, Jr., Andrew
                                          Campion, Mary N. Dillon, Satya Nadella,
15                                        Joshua Cooper Ramo, Clara Shih, and
                                          Javier G. Teruel*

16

17

18

19

20

21

INDIVIDUAL DEFS.'                         - 21 -
MOTION TO DISMISS

1

## **CERTIFICATE OF SERVICE**

2

     I certify that on this 19th day of May, 2023, I caused a copy of the foregoing

3

Individual Defendants' Motion to Dismiss Complaint be electronically filed with

4

the Clerk of the Court using the CM/ECF system, which in turn automatically

5

generated a Notice of Electronic Filing (NEF) to all parties in the case who are

6

registered users of the CM/ECF system. The NEF for the foregoing specifically

7

identifies recipients of electronic notice.

8

Dated: May 19, 2023

9

      s/ Gregory L. Watts
      Gregory L. Watts, WSBA #43995

10

11

12

13

14

15

16

17

18

19

20

21

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699