GREGORY L. WATTS (WSBA #43995)
STEPHANIE L. JENSEN (WSBA #42042)
MARY ZOU (WSBA #58082)
TYRE L. TINDALL (WSBA #56357)
Wilson Sonsini Goodrich & Rosati, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Email: gwatts@wsgr.com
Email: sjensen@wsgr.com
Email: mzou@wsgr.com
Email: ttindall@wsgr.com

*Attorneys for Nominal Defendant and the Individual Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATIONAL CENTER FOR PUBLIC POLICY RESEARCH,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD SCHULTZ, STARBUCKS CORPORATION, KEVIN JOHNSON, JOHN CULVER, RACHEL RUGGERI, TED ADAMS, TYSON AVERY, KELLY BENGSTON, BRADY BREWER, DENNIS BROCKMAN, GEORGE DOWDIE, JEN FRISCH, SHANNON GARCIA, RACHEL GONZALEZ, ZABRINA JENKINS, A.J. JONES, II, SARA KELLY, JENNIFER KRAFT, ANGELA LIS, CARL MOUNT, DENISE NELSEN, ANJU RAO, KYNDRA RUSSELL, DEBBIE STROUD, ROSANN WILLIAMS, GINA WOODS, MELLODY HOBSON, RICHARD E. ALLISON, JR., ANDREW CAMPION, MARY N. DILLON, ISABEL GE MAHE, JORGEN VIG KNUDSTORP, SATYA NADELLA, JOSHUA COOPER RAMO, CLARA SHIH, AND JAVIER G. TERUEL,<br><br>Defendants. | Case No. 2:22-CV-00267-SAB<br><br>**DEFENDANT STARBUCKS CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |

STARBUCKS CORPORATION'S
REPLY ISO MOTION TO DISMISS

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (866) 974-7329

# **TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................1

I.   PLAINTIFF IS NOT A FAIR OR ADEQUATE REPRESENTATIVE ........1

II.  THE COMPLAINT FAILS TO ALLEGE WRONGFUL REFUSAL
     OF THE DEMAND WITH PARTICULARITY ............................................6

III. THE COMPLAINT CANNOT BE CURED BY AMENDMENT...............10

CONCLUSION ...................................................................................................10

STARBUCKS CORPORATION'S REPLY
ISO MOTION TO DISMISS

- i -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (866) 974-7329

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bangerter v. Hat Island Cmty. Ass'n*,
 199 Wash. 2d 183, 504 P.3d 813 (2022) ...................................................... 10

*Barovic v. Ballmer*,
 72 F. Supp. 3d 1210 (W.D. Wash. 2014) .................................................... 7, 9

*City of Orlando Police Pension Fund v. Page*,
 970 F. Supp. 2d 1022 (N.D. Cal. 2013) ........................................................... 7

*Durand v. HIMC Corp.*,
 151 Wash. App. 818, 214 P.3d 189 (Wash. App. 2009) ............................... 10

*Haberman v. Wash. Pub. Power Supply Sys.*,
 109 Wash. 2d 107, 744 P.2d 1032 (1987) ....................................................... 1

*In re F5 Networks, Inc.*,
 166 Wash. 2d 229, 207 P.3d 433 (2009) ......................................................... 7

*Khanna v. McMinn*,
 2006 WL 1388744 (Del. Ch. May 9, 2006) .................................................. 10

*Lucas v. Lewis*,
 428 F. App'x 694 (9th Cir. 2011) .................................................................... 7

*Myers v. Alstead*,
 2017 WL 3872408 (W.D. Wash. Sept. 5, 2017) .......................................... 7, 8

*Simeone v. The Walt Disney Company*,
 2023 WL 4208481 (Del. Ch. June 27, 2023) .................................................. 4

*Smith v. Ayers*,
 977 F.2d 946 (5th Cir. 1992) .................................................................. 2, 3, 4

*Sommers ex rel. FLIR Sys., Inc. v. Lewis*,
 641 F. Supp. 2d 1151 (D. Or. 2009) ................................................................ 8

*Spiegel v. Buntrock*,
 571 A.2d 767 (Del. 1990) ................................................................................ 8

*Students for Fair Admissions, Inc. v. Presidents and Fellows of
 Harvard College* and *Students for Fair Admissions, Inc. v.
 University of North Carolina*,
 2023 WL 4239254 (U.S. June 29, 2023) .................................................. 9, 10

*Turgeman ex rel. Orexigen Therapeutics, Inc. v. Narachi*,
 2017 WL 1198902 (S.D. Cal. Mar. 31, 2017) ................................................. 8

STARBUCKS CORPORATION'S REPLY
ISO MOTION TO DISMISS

- ii -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (866) 974-7329

*Zucker v. Hassell*,
    2016 WL 7011351 (Del. Ch. Nov. 30, 2016), *aff'd*, 165 A.3d
    288 (Del. 2017)......................................................................................................10

**STATUTES**

Revised Code of Washington 23B.07.400...............................................................7

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ................................................................6

Federal Rule of Civil Procedure 23.1 ......................................................2, 5, 6, 7, 10

Washington Superior Court Civil Rule 23.1........................................................6, 7

STARBUCKS CORPORATION'S REPLY
ISO MOTION TO DISMISS

- iii -

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (866) 974-7329

# INTRODUCTION

Plaintiff NCPPR, a group engaged in combatting what it characterizes as "the evils" of "corporate America's 'woke' embrace" of Diversity, Equity, and Inclusion ("DEI") and an owner of a mere 56 shares of Starbucks stock, has brought this shareholder derivative lawsuit—suits disfavored and only allowed in exceptional circumstances—to supplant the business judgments of Starbucks Board of Directors with its own anti-DEI public policy agenda. Despite purporting to bring this lawsuit on behalf and for the benefit of Starbucks, it is readily apparent from Plaintiff's public statements and the allegations in its Complaint that Plaintiff views Starbucks as merely a pawn in Plaintiff's anti-DEI game of chess, a pawn it would gladly sacrifice, to the detriment of the Company and its shareholders, in order to advance its broader objectives. Plaintiff, therefore, cannot fairly and adequately represent the interests of Starbucks or its shareholders. Plaintiff also cannot plead with particularity that Plaintiff's Demand was wrongfully refused. Plaintiff's Response cannot explain away these fatal deficiencies, which cannot be cured by amendment. The Complaint should be dismissed with prejudice.

## I.  PLAINTIFF IS NOT A FAIR OR ADEQUATE REPRESENTATIVE

The Response does not contest that shareholder derivative actions "are disfavored and may be brought only in exceptional circumstances," *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wash. 2d 107, 147, 744 P.2d 1032 (1987), and

STARBUCKS CORPORATION'S REPLY
ISO MOTION TO DISMISS

- 1 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (866) 974-7329

1 that Plaintiff cannot maintain this lawsuit if it "does not fairly and adequately"
2 represent the interests of Starbucks and its shareholders. Rule 23.1. The Response
3 also does not contest the factors the Court should consider in determining whether
4 Plaintiff satisfies Rule 23.1(a)'s standard. Mot. at 8-9. And other than arguing that
5 Plaintiff's animus towards Starbucks, its Board, and management is less than the
6 plaintiff's animus towards the defendant in *Smith v. Ayers*, 977 F.2d 946 (5th Cir.
7 1992), the Response makes no effort to address, let alone distinguish, the Company's
8 cited authorities. Mot. at 8-17 (citing numerous authorities). The Court, therefore,
9 need only determine whether these factors show that Plaintiff is likely to disregard
10 the interests of Starbucks and its other shareholders in order to advance Plaintiff's
11 own ulterior motive—an admitted nationwide campaign against corporate America
12 on matters of DEI in which this lawsuit, among "a series of lawsuits" against many
13 corporations, is merely a "tool" in "an ever-growing arsenal of tools, strategies and
14 allies[.]" Exhibit 6 to the Supplemental Jensen Declaration ("Ex. _") at 3, 5.

15 ***Plaintiff's Anti-DEI Crusade Is More Important to It Than Starbucks.***
16 Plaintiff incredibly argues that it has brought this lawsuit "to protect the value of its
17 [56 shares of] Starbucks stock[.]" Resp. at 7. Plaintiff's public statements, Mot. at 5,
18 11-13, however, reveal that Plaintiff is not motivated by what is best for Starbucks
19 or its shareholders, but by a broad anti-DEI agenda. Indeed, Plaintiff said the quiet
20 part out loud when it stated that lawsuits like this one are merely "tool[s]" among

STARBUCKS CORPORATION'S REPLY
ISO MOTION TO DISMISS

- 2 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (866) 974-7329

many it intends to use to combat corporate DEI, Ex. 6 at 3, 5, that "companies are only going to come to their senses after a raft of lawsuits reminds them," *id*. at 10-11, and that such lawsuits, even if nominally brought on behalf of a corporation, are designed to encourage the "plaintiff's bar" to file additional lawsuits against companies like Starbucks and precipitate "significant settlements," *id*. at 36.

Plaintiff's professed goals, for which this lawsuit is designed to assist, are to prevent "managerial socialism," *id*. at 5, the "selling [of] great masses of white people and men into penury and powerlessness," *id*., and a "corrupt, decrepit, poverty-stricken socialist dystopia animated by identity-group competition for the scraps remaining after the rewards for hard work and high achievement have been eliminated[,]" *id*. at 9. What is best for Starbucks, or what is "value-maximiz[ing]" for Plaintiff's 56 shares of Starbucks stock, Resp. at 6, is not motivating Plaintiff when it views itself as fighting a high-stakes culture war against corporate America.

***Plaintiff Is Too Vindictive to Represent Starbucks Interests.*** Plaintiff argues that the Company has placed its own "editorial gloss" on Plaintiff's purpose and overstated Plaintiff's animus towards Defendants, *id*. at 6-8, and attempts to distinguish this case from *Smith*, as if the family feud-related facts in that case establishes the minimum level of animus required to disqualify a shareholder from representing the interests of a corporation. *Id*. But it is Plaintiff's own words and actions, not some editorial gloss, that shows Plaintiff's vindictiveness.

STARBUCKS CORPORATION'S REPLY
ISO MOTION TO DISMISS
- 3 -
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (866) 974-7329

Plaintiff argues that unlike the plaintiff in *Smith*, it has not used epithets like "satanic" or "evil" in describing Defendants. Resp. at 6-7. Not so. Plaintiff has decried the so-called "evils of woke politicized capital and companies . . . committed to critical race theory and the socialist foundations of woke," characterized the Chairman and CEO of Blackrock, a major investor in Starbucks, as a "real-life Bond villain" for his support for DEI, and described corporate directors and executives like the Individual Defendants as "shameless monsters who are willing to sacrifice our futures to their comforts[.]" Ex. 4 at 3. Plaintiff also has labeled these directors and executives as "indoctrinated" and "committed" to "repugnant" theories, Ex. 6 at 10-11, 36, bent on ushering in a dystopian nightmare, *id*. at 9. While individual investors may have "viewpoints that may not align with the company's position on political, religious, or social matters[,] . . . stockholders invest with the understanding that the board is empowered to direct the corporation's affairs." *Simeone v. The Walt Disney Company*, 2023 WL 4208481, at *25 (Del. Ch. June 27, 2023).[1]

Even more so than in *Smith*, here the Court "should beware allowing a derivative suit to proceed where the 'representative could conceivably use the derivative action as 'leverage' in other litigation[.]'" 977 F.2d at 949. As shown

---

[1] Plaintiff also argues that the instant litigation does not involve "a series of precursors" like *Smith*. Resp. at 6. But Plaintiff ignores that it has put forward three shareholder proposals, Mot. at 5-6, all soundly rejected by shareholders, and has encouraged Starbucks shareholders to vote against every Starbucks director up for re-election. *See* Ex. 4 at 4.

STARBUCKS CORPORATION'S REPLY
ISO MOTION TO DISMISS
- 4 -
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (866) 974-7329

above, not only could Plaintiff use this action as leverage, it has stated that <u>such leverage is the very reason it brought this case.</u>

***Plaintiff's Remedy Would Harm the Company.*** Plaintiff characterizes its Complaint as merely "noticing" a "problem" (Plaintiff's inaccurate and conclusory allegation that the Company's Initiatives are illegal) and seeking to "halt" the "ongoing harm" caused by it. Resp. at 2. Noticing an alleged problem is a far cry from filing a lawsuit seeking declaratory judgments that the Initiatives are illegal. Such judgments would only advance Plaintiff's public policy agenda and encourage employment actions against Starbucks; they would be inimical to the Company's interests, particularly when there has been no adjudication that these Initiatives are illegal. Mot. at 14-16. Derivative lawsuits are brought on behalf of a corporation, and should be designed to help, not hurt, it.

***Plaintiff Lacks Support from the Company's Shareholders.*** Plaintiff discounts the views of two shareholders owning 167 million shares of Starbucks stock (14% of the Company's outstanding stock) because they cannot purport to speak on behalf of all other shareholders. Resp. at 10-12. The Company never argued that they did. However, case law uncontested by Plaintiff states that a court "may properly consider the degree of support a would-be shareholder plaintiff will receive from other shareholders in determining the adequacy of representation under Rule 23.1." Mot. at 16 (quoting authority). At this juncture, what we know is that

STARBUCKS CORPORATION'S REPLY
ISO MOTION TO DISMISS
- 5 -
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (866) 974-7329

1  Plaintiff's 56 shares are opposed to, and 167 million shares appear to be in favor of,
2  the Company's Initiatives. What we also know is that Plaintiff has put forward three
3  DEI-related shareholder proposals that were resoundingly rejected by the
4  Company's shareholders, including one that challenged the Company's racial-bias
5  education. Mot. at 5-6, 17. A direct challenge to these Initiatives is not required to
6  ascertain the likely views of Starbucks shareholders on such matters.

7  For each of these reasons, Plaintiff does not fairly and adequately represent
8  the interests of Starbucks, as required by Rule 23.1(a), and should not be permitted
9  to maintain this action on behalf of the Company.

10 **II. THE COMPLAINT FAILS TO ALLEGE WRONGFUL REFUSAL OF THE DEMAND WITH PARTICULARITY**

11 Rule 12(b)(6) does not govern this Motion; Rule 23.1 does. Resp. at 3-4. To
12 satisfy Rule 23.1(b)(3), Plaintiff must "state with particularity: (A) any effort by the
13 plaintiff to obtain the desired action from the directors . . . and (B) the reasons for
14 not obtaining the action or not making the effort." And contrary to Plaintiff's
15 suggestion, Resp. at 4, this particularity requirement is not just applicable in federal
16 court. The relevant parts of Washington Superior Court Civil Rule ("CR") 23.1 are
17 substantively identical to those in its federal counterpart.[2] Under both rules, Plaintiff
18 falls far short of pleading wrongful refusal with particularity.

19

20 [2] *See* CR 23.1 ("The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors

STARBUCKS CORPORATION'S REPLY
ISO MOTION TO DISMISS    - 6 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (866) 974-7329

***Plaintiff Misunderstands Rule 23.1(b)(3) and RCW 23B.07.400(2).*** While Plaintiff correctly states that pre-suit demand upon a corporation's board of directors is the preferred course, *In re F5 Networks, Inc.*, 166 Wash. 2d 229, 236-40, 207 P.3d 433 (2009), Plaintiff incorrectly reads the statute and misunderstands how courts must examine a demand refusal complaint. Resp. at 12-13. Under Rule 23.1(b)(3)(A), Plaintiff must plead with particularity the demand for action it made upon the Starbucks Board. Under Rule 23.1(b)(3)(B), Plaintiff must also plead with particularity "the reasons for not obtaining the action," *i.e.*, the refusal and why it was wrongful. *See Lucas v. Lewis*, 428 F. App'x 694, 695-96 (9th Cir. 2011).

It is well-settled that the "'only issues to be decided'" in analyzing a board's refusal of a demand are "'the good faith and reasonableness of the board's investigation of the claims articulated in the demand.'" *Myers v. Alstead*, 2017 WL 3872408, at *5 (W.D. Wash. Sept. 5, 2017) (quoting *City of Orlando Police Pension Fund v. Page*, 970 F. Supp. 2d 1022, 1028 (N.D. Cal. 2013)); *see also Barovic v. Ballmer*, 72 F. Supp. 3d 1210, 1214-15 (W.D. Wash. 2014) ("[v]itally, 'the court's inquiry is not into the substantive decision of the board, but rather is into the procedures employed by the board in making its determination.'"). By electing to make a demand, a shareholder concedes the disinterestedness and independence of

---

or comparable authority…and the reasons for the plaintiff's failure to obtain the action or for not making the effort."); *see also* RCW 23B.07.400 (similar).

STARBUCKS CORPORATION'S REPLY
ISO MOTION TO DISMISS
- 7 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (866) 974-7329

1 the board to respond. *See Turgeman ex rel. Orexigen Therapeutics, Inc. v. Narachi*, 2017 WL 1198902, at *5 (S.D. Cal. Mar. 31, 2017); *Sommers ex rel. FLIR Sys., Inc. v. Lewis*, 641 F. Supp. 2d 1151, 1156 (D. Or. 2009); *Spiegel v. Buntrock*, 571 A.2d 767, 775 (Del. 1990). Plaintiff does not like the law on this point (it cites no countervailing authority), but it is well-established. It was applied by Judge Jones in the Western District of Washington in another wrongful refusal case against Starbucks six years ago when he stated that his review of the Board's decision to refuse a demand was governed by the business judgment rule, a rebuttable presumption that the board's refusal was made "on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Myers*, 2017 WL 3872408, at *4 (citing authority).

***The Board's Refusal of Plaintiff's Demand Was Not Wrongful.*** The Complaint is devoid of any allegation that the Board's refusal of Plaintiff's Demand was wrongful. It does not allege that the Board was not well-informed, acted in bad faith, or that its process was in any way inadequate. Mot. at 6-7, 18-20; Jensen Decl., ECF No. 22, Ex. 1 (detailing Board's investigation). Nor could it. Only after careful consideration did the Board decide that it was not in the best interests of Starbucks to accept the Demand and retract the Initiatives. *Id*. Its business judgment should be respected. *Myers*, 2017 WL 3872408, at *4.

STARBUCKS CORPORATION'S REPLY
ISO MOTION TO DISMISS
- 8 -
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (866) 974-7329

1   Like the Complaint, the Response also does not challenge the Board's process,
2 only its conclusion to refuse Plaintiff's Demand. Resp. at 14-17. A disagreement
3 with a board's decision is not enough to set it aside. *Barovic*, 72 F. Supp. 3d at 1214-
4 15. While Plaintiff believes the Initiatives are illegal and should be retracted, the
5 Board disagreed after thorough review and careful consideration. As stated in the
6 Board's July 21, 2022 refusal letter, the Board's investigation included a review of
7 the "current state of potentially applicable law, and analysis of the [Initiatives] in
8 light of the law on which adverse discrimination claims might be grounded." Mot.
9 at 7; Jensen Decl. Ex. 1; Individual Defendants' Motion, ECF No. 20, at 13-14.[3]
10 Plaintiff essentially argues that no matter how thorough and well-informed, honest
11 and conscientious, educated and mindful of competing opinions as to the legality of

---

[3] The Supreme Court's recent decision in *Students for Fair Admissions, Inc. v. Presidents and Fellows of Harvard College* and *Students for Fair Admissions, Inc. v. University of North Carolina*, 2023 WL 4239254 (U.S. June 29, 2023), does nothing to change this. As EEOC Chair Charlotte A. Burrows has stated, the decision "does not address employer efforts to foster diverse and inclusive workforces [and] it remains lawful for employers to implement diversity, equity, inclusion, and accessibility programs[.]" U.S. Equal Employment Opportunity Commission, Statement from EEOC Chair Charlotte A. Burrows on Supreme Court Ruling on College Affirmative Action Programs, https://www.eeoc.gov/newsroom/statement-eeoc-chair-charlotte-burrows-supreme-court-ruling-college-affirmative-action.
Indeed, the majority opinion in *SFFA* is limited to race-based affirmative action in college admissions at institutions receiving federal funding (making them indirect government actors). 2023 WL 4239254, at *8, 23. It did not address DEI initiatives of non-governmental employers (including employer efforts to foster diverse and inclusive workforces) or Title VII of the Civil Rights Act.

---

STARBUCKS CORPORATION'S REPLY
ISO MOTION TO DISMISS

- 9 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (866) 974-7329

a challenged corporate practice, a board's business judgment to reject a demand and retain the corporate practice must be set aside if the shareholder plaintiff persists in his belief that it is illegal.[4] If this were so, every wrongful refusal complaint alleging an underlying illegal act would survive a Rule 23.1 motion.[5]

### III.  THE COMPLAINT CANNOT BE CURED BY AMENDMENT

No amount of artful pleading can transform Plaintiff into a fair and adequate representative. *See supra* at Section I; Mot. at 8-17. And no amendment can turn the Board's informed, reasonable, and good faith refusal of Plaintiff's Demand into a wrongful one. *See supra* at Section II; Mot. at 17-20.

### CONCLUSION

The Complaint should be dismissed with prejudice.

---

[4] Even if *SFFA* changed over fifty years of Title VII jurisprudence (it did not), the Board's rejection of Plaintiff's Demand was reasonable at the time it was made, which was based on the then-state of the law. *See Zucker v. Hassell*, 2016 WL 7011351, at *2 (Del. Ch. Nov. 30, 2016), *aff'd*, 165 A.3d 288 (Del. 2017); *see also Khanna v. McMinn*, 2006 WL 1388744, at *26 n.203 (Del. Ch. May 9, 2006) (courts "cannot permit the *ex post* results of a decision to cloud analysis of a board's *ex ante* judgment").

[5] Plaintiff's cases are inapposite. Neither involved derivative claims or a board's business judgment to refuse a shareholder demand. *Durand v. HIMC Corp.*, 151 Wash. App. 818, 836, 214 P.3d 189 (Wash. App. 2009), involved a direct employee action. *Bangerter v. Hat Island Cmty. Ass'n*, 2002 Wash. LEXIS 118, *24-25 (Wash. 2022), involved an HOA, and Plaintiff cites from the dissent. While the *Bangerter* majority declined to decide whether the business judgment rule applies to HOAs, it stated that "courts do owe appropriate deference to their reasonable discretionary decisions." *Id.* at 192.

STARBUCKS CORPORATION'S REPLY
ISO MOTION TO DISMISS
- 10 -
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (866) 974-7329

| | |
|---|---|
| Dated: July 13, 2023 | Respectfully submitted, |
| | By: s/ Gregory L. Watts |
| | Gregory L. Watts, WSBA #43995 |
| | Stephanie L. Jensen, WSBA #42042 |
| | Mary Zou, WSBA #58082 |
| | Tyre L. Tindall, WSBA #56357 |
| | Wilson Sonsini Goodrich & Rosati, P.C. |
| | 701 Fifth Avenue, Suite 5100 |
| | Seattle, WA 98104-7036 |
| | Telephone: (206) 883-2500 |
| | Email: gwatts@wsgr.com |
| | sjensen@wsgr.com |
| | mzou@wsgr.com |
| | ttindall@wsgr.com |
| | *Counsel for Nominal Defendant Starbucks Corporation and the Individual Defendants* |

STARBUCKS CORPORATION'S REPLY
ISO MOTION TO DISMISS

- 11 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (866) 974-7329

## CERTIFICATE OF SERVICE

I certify that on this 13th day of July, 2023, I caused a copy of Defendant Starbucks Corporation's Reply in Support of Motion to Dismiss Complaint to be electronically filed with the Clerk of the Court using the CM/ECF system, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

Dated: July 13, 2023

                            s/ Gregory L. Watts
                            Gregory L. Watts, WSBA #43995

CERTIFICATE OF SERVICE - 12 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (866) 974-7329