1  GREGORY L. WATTS (WSBA #43995)
   STEPHANIE L. JENSEN (WSBA #42042)
2  MARY ZOU (WSBA #58082)
   TYRE L. TINDALL (WSBA #56357)
3  Wilson Sonsini Goodrich & Rosati, P.C.
   701 Fifth Avenue, Suite 5100
4  Seattle, WA 98104-7036
   Telephone: (206) 883-2500
5  Email: gwatts@wsgr.com
   Email: sjensen@wsgr.com
6  Email: mzou@wsgr.com
   Email: ttindall@wsgr.com
7
   *Attorneys for Nominal Defendant and*
8  *the Individual Defendants*

9              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF WASHINGTON
10

| | |
|---|---|
| 11  NATIONAL CENTER FOR PUBLIC POLICY RESEARCH, | Case No. 2:22-CV-00267-SAB |
| 12              Plaintiff, | **INDIVIDUAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |
| 13       v. | |
| 14  HOWARD SCHULTZ, STARBUCKS CORPORATION, KEVIN JOHNSON, JOHN CULVER, RACHEL RUGGERI, TED ADAMS, TYSON AVERY, KELLY BENGSTON, BRADY BREWER, DENNIS BROCKMAN, GEORGE DOWDIE, JEN FRISCH, SHANNON GARCIA, RACHEL GONZALEZ, ZABRINA JENKINS, A.J. JONES, II, SARA KELLY, JENNIFER KRAFT, ANGELA LIS, CARL MOUNT, DENISE NELSEN, ANJU RAO, KYNDRA RUSSELL, DEBBIE STROUD, ROSANN WILLIAMS, GINA WOODS, MELLODY HOBSON, RICHARD E. ALLISON, JR., ANDREW CAMPION, MARY N. DILLON, ISABEL GE MAHE, JORGEN VIG KNUDSTORP, SATYA NADELLA, JOSHUA COOPER RAMO, CLARA SHIH, AND JAVIER G. TERUEL, | |
| 20              Defendants. | |

INDIVIDUAL DEFENDANTS' REPLY ISO
MOTION TO DISMISS

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................1

LEGAL STANDARDS .........................................................................................2

ARGUMENT .........................................................................................................2

    I.    Plaintiff Cannot Invoke the Uniform Declaratory Judgments Act Because It Lacks Standing and a Justiciable Controversy, Requiring Dismissal of Counts I-IV ..................................................2

        A.    Plaintiff Lacks Standing to Seek a Declaratory Judgment .........2

        B.    Plaintiff Fails to Plead a Justiciable Controversy to Seek a Declaratory Judgment .................................................................5

    II.    The Initiatives are Quintessential Business Decisions Protected by the Business Judgment Rule, Requiring Dismissal of Counts V-VII .............................................................................................7

    III.    The Complaint Fails to Plead Defendants' Participation in the Adoption or Implementation of the Initiatives......................................8

    IV.    The Complaint Fails to Plead Non-Exculpated Claims Against the Directors ..................................................................................9

CONCLUSION ....................................................................................................10

INDIVIDUAL DEFENDANTS' REPLY ISO
MOTION TO DISMISS
-i-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alexander v. City of Milwaukee*,
 474 F.3d 437 (7th Cir. 2007) ................................................................. 10

*Amalgamated Transit Union Local No. 1576 v. Snohomish Cnty. Pub. Transp. Ben. Area*,
 178 Wash. App. 566, 316 P.3d 1103 (2013) .......................................... 4

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ............................................................................ 2, 9

*Bank of Am. Corp. v. City of Miami*,
 581 U.S. 189 (2017) ............................................................................ 3, 4

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ..................................................................... 2, 8, 9

*Cede & Co. v. Technicolor, Inc.*,
 634 A.2d 345 (Del. 1993) ....................................................................... 7

*City of Reno v. Netflix, Inc.*,
 52 F.4th 874 (9th Cir. 2022) .................................................................. 4

*Diversified Indus. Dev. Corp. v. Ripley*,
 82 Wash. 2d 811, 514 P.2d 137 (1973) ................................................. 6

*FCS Advisors, LLC v. Missouri*,
 2017 WL 4639026 (W.D. Mo. Oct. 16, 2017),
 *aff'd*, 929 F.3d 618 (8th Cir. 2019) ........................................................ 3

*Grutter v. Bollinger*,
 539 U.S. 306 (2003) ............................................................................. 10

*Hartstene Pointe Maint. Ass'n v. Diehl*,
 95 Wash. App. 339, 979 P.2d 854 (1999) ............................................. 8

*In re J.P. Stevens & Co., Inc. S'holders Litig.*,
 542 A.2d 770 (Del. Ch. 1988) ................................................................ 7

*Kandell ex rel. FXCM, Inc. v. Niv*,
 2017 WL 4334149 (Del. Ch. Sept. 29, 2017) ........................................ 6

*Lewis Cnty. v. State*,
 178 Wash. App. 431, 315 P.3d 550 (2013) ........................................... 6

*Lomack v. City of Newark*,
 463 F.3d 303 (3d Cir. 2006) ................................................................. 10

INDIVIDUAL DEFENDANTS' REPLY ISO
MOTION TO DISMISS

-ii-

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

*Nat'l Union Fire Ins. Co. of Pittsburgh, v. Nw. Youth Servs.*,
    97 Wash. App. 226, 983 P.2d 1144 (1999) ........................................................ 4

*Ray v. Muncie Cmty. Sch. Corp.*,
    2018 WL 4680217 (S.D. Ind. Sept. 28, 2018) .................................................... 3

*Scott v. Trans-Sys., Inc.*,
    148 Wash. 2d 701, 64 P.3d 1 (2003) ................................................................. 7

*Simeone v. Walt Disney Co.*,
    2023 WL 4208481 (Del. Ch. June 27, 2023) ..................................................... 8

*Simmons v. UBS Fin. Servs., Inc.*,
    972 F.3d 664 (5th Cir. 2020) ............................................................................ 3

*Students for Fair Admissions, Inc. v. Presidents and Fellows of Harvard College* and *Students for Fair Admissions, Inc. v. University of North Carolina*,
    2023 WL 4239254 (U.S. June 29, 2023) .......................................................... 10

*Taxman v. Bd. of Educ. of Twp. of Piscataway*,
    91 F.3d 1547 (3d Cir. 1996) ........................................................................... 10

*Thompson v. N. Am. Stainless, LP*,
    562 U.S. 170 (2011) .............................................................................. 1, 3, 5

*Washington State Republican Party v. Washington State Pub. Disclosure Comm'n*,
    141 Wash. 2d 245, 4 P.3d 808 (2000) ............................................................... 5

**STATUTES**

42 U.S.C. § 1981 ............................................................................................. 3, 5

Revised Code of Washington 23B.08.320 ........................................................ 9

**RULES**

Federal Rule of Civl Procedure 12 .............................................................. 2, 7

Federal Rule of Civil Procedure 23.1 ......................................................... 2, 7

INDIVIDUAL DEFENDANTS' REPLY ISO
MOTION TO DISMISS                             -iii-

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

# INTRODUCTION

Plaintiff's Response ("Response" or "Resp.") to the Individual Defendants' Motion to Dismiss, ECF No. 27, concedes that many of the Complaint's allegations are insufficiently pled and offers to file an amended complaint. Resp. at 1-3, 19.[1] The Court could grant the Motion on this basis alone. Regardless, the Response does not overcome *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170 (2011), where the Supreme Court made clear that Plaintiff—a non-employee shareholder of Starbucks—cannot assert a Title VII claim. Nor does the Response demonstrate any justiciable controversy. Claims I-IV should be dismissed with prejudice as these deficiencies cannot be cured through amendment.

The Response similarly fails to revive Counts V-VIII as Plaintiff continues to assert, in conclusory fashion, that the Initiatives are *per se* illegal and the Board "knew or should have known" it. Resp. at 15. Neither the Complaint's allegations nor Plaintiff's authority support this proposition. Rather, the implementation of the Initiatives and the Board's refusal of the Demand are both protected by the business judgment rule. The Complaint also fails to plead the Individual Defendants' participation in the adoption of the Initiatives or a non-exculpated claim.

---

[1] Plaintiff states that if it files an amended complaint, the Court should "allow" the case to "move forward into discovery." Resp. at 1. For the avoidance of doubt, the Individual Defendants contend that any amendment would not avoid dismissal and reserve their right to challenge the sufficiency of any amended pleading.

## LEGAL STANDARDS

Plaintiff incorrectly posits that the Court should treat the Motion as "one pursuant to Rule 12(e)[.]" Resp. at 3. The Individual Defendants do not move under that rule, but under Rules 12(b)(6) and 23.1. Individual Defendants' Motion to Dismiss, ECF No. 20 ("Motion" or "Mot.") at 1. To survive a Rule 12(b)(6) motion, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory statements, particularly legal conclusions, are "not entitled to the assumption of truth," *Iqbal*, 556 U.S. at 679, and allegations must do more than create "a suspicion [of] a legally cognizable right of action," *Twombly*, 550 U.S. at 555. Rule 23.1(b)(3) requires Plaintiff to plead with "particularity" any effort to obtain the desired corporate action and the reasons it was not obtained. Plaintiff's Complaint fails to satisfy either standard.

## ARGUMENT

**I. Plaintiff Cannot Invoke the Uniform Declaratory Judgments Act Because It Lacks Standing and a Justiciable Controversy, Requiring Dismissal of Counts I-IV**

    **A. Plaintiff Lacks Standing to Seek a Declaratory Judgment**

Counts I-IV seek declaratory judgments under the Washington Declaratory Judgments Act. Counts I-IV must be dismissed for lack of standing and/or lack of a justiciable controversy.

*First*, Plaintiff is not within the "zone of interests to be protected" under Title VII, 42 U.S.C. § 1981, or state civil rights laws. Mot. at 5 (citing *Thompson*, 562 U.S. at 176–77 ("absurd" to permit shareholder to "sue a company for firing a valuable employee for racially discriminatory reasons, so long as he could show that the value of his stock decreased as a consequence.")). Tellingly, Plaintiff's <u>only argument</u> to distance itself from *Thompson* is to argue that its clear and definite language is "dicta." Resp. at 5. But federal courts nationwide have relied on this very language in determining the scope of Title VII and related statutes. *See, e.g, Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 668-69, 671 (5th Cir. 2020) (the "[Supreme] Court considered it ridiculous that the shareholder might be able to maintain such a suit" and holding that Title VII "does not—even arguably—protect nonemployees from mistreatment by someone else's employer" and observing that it "would be a remarkable extension of *Thompson*—and of Title VII generally—to rule that a nonemployee has the right to sue."); *Ray v. Muncie Cmty. Sch. Corp.*, 2018 WL 4680217, at *3 (S.D. Ind. Sept. 28, 2018) (applying *Thompson* and dismissing Title VII claim for lack of standing); *FCS Advisors, LLC v. Missouri*, 2017 WL 4639026, at *6 (W.D. Mo. Oct. 16, 2017), *aff'd*, 929 F.3d 618 (8th Cir. 2019) (similar); *Bank of Am. Corp. v. City of Miami*, 581 U.S. 189, 199 (2017) (reiterating that *Thompson* "reasoned that [a broader] interpretation [of Title VII] would produce farfetched results, for example, a shareholder in a company could bring a Title VII suit against

the company for discriminatorily firing an employee."). This Court should do the same.

*Second*, as if doubling down on its lack of standing to bring its claim for declaratory judgments will somehow sidestep the problem, <u>Plaintiff admits it has not suffered any injury from the Initiatives</u>. Resp. at 3-4 (not asserting the "same personalized grievance claims" that Starbucks employees would assert); *id*. at 4 ("The Plaintiff challenges *no* particular hiring or promotional decision[,]" and "seeks to recover *no* backpay"). Instead, Plaintiff argues that it is only challenging the "legality of the corporate policies themselves" and brings the claims "<u>only</u> as a predicate for its claims for injunctive relief[.]" *Id*. at 4, 6. This fails to establish harm that is both "substantial" and "personal to the party[.]" *Amalgamated Transit Union Local No. 1576 v. Snohomish Cnty. Pub. Transp. Ben. Area*, 178 Wash. App. 566, 572, 316 P.3d 1103 (2013); *Nat'l Union Fire Ins. Co. of Pittsburgh, v. Nw. Youth Servs.*, 97 Wash. App. 226, 234, 983 P.2d 1144 (1999) (affirming denial of declaratory judgment action as to insurer's obligations because plaintiff was not covered by the insurance contract and lacked standing); *see also City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022) (federal declaratory judgment act "does not provide a cause of action when a party . . . lacks a cause of action under a separate statute and seeks to use the Act to obtain affirmative relief."). According to Plaintiff, so long as their violation is just a "predicate," standing is not required.

1 Resp. at 6. Not so. This concedes that Plaintiff is improperly seeking declaratory

2 relief that the Initiatives generally "violate American employment law." *Id*. at 4.

3       Plaintiff argues that *Thompson* does not require the dismissal of Counts I and

4 III because they do not assert violations of Title VII, but instead violations of 42

5 U.S.C. § 1981 and certain state non-discrimination laws. Resp. at 4-5. This, of

6 course, ignores that Plaintiff necessarily seeks declaratory judgments for both counts

7 under the UDJA or the federal Declaratory Judgments Act, and must therefore

8 satisfy the same "zone of interests" and "injury in fact" analysis as Count II. Plaintiff

9 provides no authority that a shareholder is within the zones of interest of any of these

10 statutes or that Plaintiff has suffered any injury in fact. As for Count IV, an exposure

11 to material liabilities, it is predicated on a violation of these statutes. Resp. at 5.

12 Without an underlying violation, there is no liability.

13     **B.**    **Plaintiff Fails to Plead a Justiciable Controversy to Seek a Declaratory Judgment**

14       The Complaint also fails to plead a justiciable controversy required to seek a

15 declaratory judgment. Mot. at 6-9. Plaintiff identifies no "actual, present, and

16 existing dispute or even the mature seeds of such a dispute," *id*. at 6-7 (citing

17 *Washington State Republican Party v. Washington State Pub. Disclosure Comm'n*,

18 141 Wash. 2d 245, 284, 4 P.3d 808 (2000)), and instead theorizes that "potential"

19 disputes "could" occur in the future, Compl. ¶¶ 118, 123, 131, 159, and that an

20 ambiguous "pandora's box of corporate liabilities" has been opened, Resp. at 7.

1  These allegations are insufficient to plead a justiciable controversy. *Lewis Cnty. v. State*, 178 Wash. App. 431, 438, 315 P.3d 550 (2013) (affirming dismissal, finding allegations of a "hypothetical or speculative dispute" "simply cannot show that the first justiciability element is met."); *Diversified Indus. Dev. Corp. v. Ripley*, 82 Wash. 2d 811, 815, 514 P.2d 137 (1973) (dispute must be "more discernible than an unpredictable contingency").[2] Plaintiff does not address Defendants' authorities.

Nor does Plaintiff identify a rare "major public importance" that would justify excusing the lack of justiciable controversy. Mot. at 8-9. The Complaint does not allege, and Defendants do not argue, that the Initiatives were the result of "bowing" to "pressure" from Blackrock, Vanguard, or any other major shareholder. Resp. at 2. Defendants merely argue that these shareholders likely support the Company's position over Plaintiff's on this issue. Regardless, the media debate regarding the pushback against so-called "woke" corporate culture does not rise to the same level of importance as eligibility for public office, free elections, the constitutionality of

---

[2] Plaintiff's discussion of "contingent" and "unliquidated" claims is inapplicable. Resp. at 6-8. Those terms are unique to the Bankruptcy Code and have no relevance here. *Id.* at 7 n.13 & 14 (citing bankruptcy cases). Regardless, courts are reluctant to allow a derivative action to proceed based upon alleged predicate wrongdoing that has not yet been adjudicated. ECF No. 19 at 15. Plaintiff does not distinguish the Company's argument or authorities as to the absence of actual, as opposed to potential, corporate trauma in this action. *Id.* at 14. For the same reason, Plaintiff's reliance on *Kandell ex rel. FXCM, Inc. v. Niv*, 2017 WL 4334149, at *6-8 (Del. Ch. Sept. 29, 2017), is misplaced since it involved a "catastrophic" market volatility event that caused the company ~$200 million in losses immediately.

INDIVIDUAL DEFENDANTS' REPLY ISO
MOTION TO DISMISS                -6-

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

1   excise taxes, or providing service to homeless children. Mot. at 9.

## II. The Initiatives are Quintessential Business Decisions Protected by the Business Judgment Rule, Requiring Dismissal of Counts V-VII

Defendants do not argue that an illegal corporate act is protected by the business judgment rule. Resp. at 11. Defendants argue that if a corporate act is legal, plausibly legal, or undetermined as to its legality, the corporate act is protected by the business judgment rule. Otherwise, derivative actions, disfavored lawsuits that should only be maintained in exceptional circumstances, would always survive Rule 12(b)(6) and 23.1 motions to dismiss if the plaintiff simply alleges illegality. Plaintiff's "say so" is not enough. Absent clear illegality, a corporate act is protected by the business judgment rule where (1) "the transaction is within the power of the corporation and the authority of management, and (2) there is a reasonable basis to indicate that the transaction was made in good faith." *Scott v. Trans-Sys., Inc.*, 148 Wash. 2d 701, 709, 64 P.3d 1 (2003).

Here, there are no well-pled allegations that suggest the Individual Defendants acted "so far beyond the bounds of reasonable judgment that it seems essentially inexplicable on any ground other than bad faith," *In re J.P. Stevens & Co., Inc. S'holders Litig*., 542 A.2d 770, 780–81 (Del. Ch. 1988), which is necessary to overcome the "powerful presumption" of the business judgment rule, *Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345, 361 (Del. 1993). Plaintiff's unsupported legal theories and general disagreement with the Initiatives are not enough to meet this

extraordinary standard. The "weighing of" social, political, or legal risks associated with a decision to act (or not act) "by disinterested fiduciaries does not evidence potential lack of due care, let alone bad faith." *Simeone v. Walt Disney Co.*, 2023 WL 4208481, at *12-13 (Del. Ch. June 27, 2023). Counts V and VI for breaches of fiduciary duty should be dismissed.

Plaintiff's claim that the Board engaged in an *ultra vires* act, Count VII, is premised on the act's illegality. Since Plaintiff's "say so" is insufficient to plead illegality, *Twombly* at 555, Plaintiff also fails to plead an *ultra vires* act. Starbucks and its management have the power and authority to implement policies relating to the hiring and promotion of its employees and contracting with certain suppliers. *Hartstene Pointe Maint. Ass'n v. Diehl*, which the Response misreads (Resp. at 12-13), states that there is a distinction between "a challenge to the authority of the corporation," and a challenge "to the method of exercising it[,]" with the doctrine of *ultra vires* not applying to the latter. 95 Wash. App. 339, 345, 979 P.2d 854 (1999). The Complaint takes issue with the "manner of executing such authority." *Id*. at 345. Such disagreement does not render the Initiatives *ultra vires*.

### III. The Complaint Fails to Plead Defendants' Participation in the Adoption or Implementation of the Initiatives

The Complaint does not specify what, if any, involvement the Individual Defendants had in the adoption or implementation of the Initiatives, Mot. at 14-16, which is fatal to its claims. The Response argues that a "fair reading" of the

Complaint fills these gaps, but in doing so, disregards Supreme Court precedent that "bare," "conclusory," and "speculative" allegations, *Twombly*, 550 U.S. at 555–57, are "not entitled to the assumption of truth," *Iqbal*, 556 U.S. at 664. Resp. at 18-19. Plaintiff does not address the Individual Defendants' authorities. Regardless, Plaintiff concedes the Complaint's insufficiency in this regard by offering to amend. *Id*. at 19. But even if given an opportunity to do so, Plaintiff would be unable to plead anything more than conclusory and speculative allegations.

**IV. The Complaint Fails to Plead Non-Exculpated Claims Against the Directors**

Starbucks articles of incorporation limit the liability of its directors for monetary damages except for instances of "intentional misconduct" or "knowing violation[s] of law." Mot. at 17 (citing RCW 23B.08.320). Plaintiff fails to plead or argue in its Response any particularized facts on a director-by-director basis showing their involvement in the adoption and implementation of the Initiatives, as required. *Id*. at 18-19 (citing authority). Instead, Plaintiff <u>presupposes as a matter of law</u> that the Initiatives are illegal and alleges in conclusory fashion that the directors as a group "knew or should have known" of the illegality. Resp. at 15 (citing Compl. ¶ 127). Just because Plaintiff's Demand claimed the Initiatives are illegal, does not mean it is true or that the directors knew it when they refused the Demand,

particularly after the Board's investigation. Ex. 1.[3] The Board was under no duty to accept Plaintiff's legal conclusions as incontrovertibly true.

## CONCLUSION

Counts I-IV should be dismissed with prejudice because Plaintiff cannot cure the fact that it lacks standing and a justiciable controversy to bring a declaratory judgment action. Counts V-VII should be dismissed because the Complaint fails to plead (i) the Initiatives were made in bad faith, (ii) the participation of the Individual Defendants in creating and implementing the Initiatives, and (iii) any claim not exculpated by Starbucks articles of incorporation. Count VIII must be dismissed as no predicate claim remains. *See Markoff v. Puget Sound Energy, Inc.*, 9 Wash. App. 2d 833, 851, 447 P.3d 577 (2019) (where the underlying substantive claims are dismissed, plaintiff "no longer ha[s] a right that could be vindicated or protected by the injunction" as "an injunction is a remedy, not an independent cause of action.").

---

[3] Plaintiff's authority, nearly all of which deal with direct or indirect government actors and not a private actor like Starbucks, Resp. at 15 n.45, does not show that Starbucks Initiatives are illegal. *See Taxman v. Bd. of Educ. of Twp. of Piscataway*, 91 F.3d 1547, 1558 (3d Cir. 1996) (public school board); *Grutter v. Bollinger*, 539 U.S. 306, 343 (2003) (public university); *Alexander v. City of Milwaukee*, 474 F.3d 437, 439-46 (7th Cir. 2007) (police department); *Lomack v. City of Newark*, 463 F.3d 303, 307-10 (3d Cir. 2006) (fire department). *See* ECF No. 29 at 9 n.3 &10 n.4 for a discussion regarding the inapplicability of *Students for Fair Admissions, Inc. v. Presidents and Fellows of Harvard College* and *Students for Fair Admissions, Inc. v. University of North Carolina*, 2023 WL 4239254 (U.S. June 29, 2023), to the facts alleged here.

INDIVIDUAL DEFENDANTS' REPLY ISO
MOTION TO DISMISS        -10-

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

| | | |
|---|---|---|
| 1 | Dated: July 13, 2023 | Respectfully submitted, |
| 2 | | By: s/ Gregory L. Watts |
| | | Gregory L. Watts, WSBA #43995 |
| 3 | | Stephanie L. Jensen, WSBA #42042 |
| | | Mary Zou, WSBA #58082 |
| 4 | | Tyre L. Tindall, WSBA #56357 |
| | | Wilson Sonsini Goodrich & Rosati, P.C. |
| 5 | | 701 Fifth Avenue, Suite 5100 |
| | | Seattle, WA 98104-7036 |
| 6 | | Telephone: (206) 883-2500 |
| | | Email:  gwatts@wsgr.com |
| 7 | |         sjensen@wsgr.com |
| | |         mzou@wsgr.com |
| | |         ttindall@wsgr.com |
| 8 | | |
| | | *Counsel for Nominal Defendant* |
| 9 | | *Starbucks Corporation and the Individual Defendants* |

INDIVIDUAL DEFENDANTS' REPLY ISO MOTION TO DISMISS    -11-    WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

# CERTIFICATE OF SERVICE

I certify that on this 13th day of July 2023, I caused a copy of the foregoing Individual Defendants' Reply in Support of Motion to Dismiss Complaint be electronically filed with the Clerk of the Court using the CM/ECF system, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

Dated: July 13, 2023

s/ Gregory L. Watts
Gregory L. Watts, WSBA #43995
