FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 11, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATIONAL CENTER FOR PUBLIC POLICY RESEARCH,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>HOWARD SCHULTZ, et al.,<br><br>　　　　Defendants. | No. 2:22-CV-00267-SAB<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

　　　　A motion hearing was held in the above-captioned matter on August 11, 2023. Pending before the Court are Defendant Starbucks Corporation's Motion to Dismiss Complaint, ECF No. 19, Individual Defendants' Motion to Dismiss Complaint, ECF No. 20, and Defendants' Request for Judicial Notice and Notice of Incorporation by Reference in Support of Defendants' Motions to Dismiss Complaint, ECF No. 21. Oral argument was conducted via videoconference. Plaintiffs were represented by Daniel Morenoff and Joel B. Ard. Defendants were represented by Gregory L. Watts, Stephanie L. Jensen, and Brittany Moore.

　　　　In the pending motions, Defendant Starbucks Corporation ("Starbucks") moves to dismiss Plaintiff National Center for Public Policy Research's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 23.1 and RCW 23B.07.400, ECF No. 19; furthermore, Individual Defendants ("Starbucks Board") moves to dismiss the Complaint pursuant to Federal Rules of

**ORDER GRANTING MOTIONS TO DISMISS** # 1

Civil Procedure 12(b)(6) and Rule 23.1, and Defendants move the Court to incorporate by reference into the Complaint or take judicial notice of Exhibits 1-28 attached to the Declaration of Stephanie L. Jensen at ECF No. 22. Upon reviewing the briefing, relevant law, and hearing from counsel, the Court grants ECF Nos. 19 and 21 and grants in part and dismisses in part as moot, ECF No. 20.

## Facts

This is a shareholder derivative lawsuit. Starbucks is a global roaster, marketer, and retailer of coffee. As a corporation, Starbucks implements initiatives that concern issues related to diversity, equity, and inclusion ("DEI"). Starbucks hires independent advisers to evaluate Starbucks' progress on civil rights and provide recommendations for how Starbucks can better advance DEI for its employees, customers, and communities. Starbucks publishes periodic assessments of these DEI Initiatives ("Initiatives").

Plaintiff is an advocacy group committed to conservative causes in government and the private sector. Plaintiff is engaged in a nationwide campaign to litigate against so-called "woke" corporate practices concerning issues of diversity, equity, and inclusion.

Plaintiff published a document called "Balancing the Boardroom 2022," which describes its shareholder activism as "fighting back" against "the evils of woke politicized capital and companies."[1] Balancing the Boardroom goes on to describe "CEOs and other corporate executives who are most woke and most hard-left political in their management of their corporations" as "inimical to the Republic and its blessings of liberty" and "committed to critical race theory and the socialist foundations of woke" or "shameless monsters who are willing to sacrifice our future for their comforts." *Id*. The document goes on to encourage readers to vote against every Starbucks board member up for re-election. *Id*. at 4.

---

[1] The Free Enterprise Project, *Balancing the Boardroom: How Conservatives Can Combat Corporate Wokeness*, https://nationalcenter.org/wp-content/uploads/2022/03/BTB2022.pdf, at 3.

**ORDER GRANTING MOTIONS TO DISMISS** # 2

A "2022 Investor Value Voter Guide" was also published by Plaintiff which states that "[s]aving capitalism also means ending the hard-left politicization of American corporations by the eruption of so called "ESG" initiatives (a reference to environmental, social, and corporate governance standards used to screen potential investments)."[2]

Plaintiff owns 56 shares of Starbucks stock and, as a shareholder, Plaintiff has put forward several shareholder proposals that have been rejected by the vast majority of Starbucks shareholders. These include, but are not limited to, a proposal to require Starbucks Board nominees to disclose their "ideological perspectives" and a proposal to create a board committee to review the impact of the Company's "woke business practices." These proposals were rejected with only 1% and 3% of the total possible votes cast in favor.

On March 25, 2022, the American Civil Rights Project ("ACRP"), a public-interest law firm, published an open demand letter (the "Demand") on behalf of Plaintiff to Starbucks, Starbucks Board, and many officers and partners which challenged the Initiatives announced by Starbucks in 2020 and 2022. The letter demanded Starbucks retract these Initiatives or Plaintiff would seek legal recourse for Starbucks' alleged breach of their fiduciary duties. The Starbucks Board considered and rejected the Demand because according to Starbucks it was not in the best interests of Starbucks to accept the Demand and retract the Initiatives. Through Plaintiff's national campaign, the ACRP has sent similar demand letters on behalf of Plaintiff to many other public companies such as Dropbox, J.P. Morgan, Chase, Levi & Strauss, McDonald's, Novartis, Pfizer, and American Airlines. ECF No. 21.

//
//

---

[2] Free Enterprise Project, *2022 Investor Value Voter Guide*, https://nationalcenter.org/investor-value-voter-2022/, at 5.

**ORDER GRANTING MOTIONS TO DISMISS # 3**

As a result of Starbucks' consideration and eventual rejection of the Plaintiff's Demand, Plaintiff filed their Complaint against Starbucks and Starbucks Board: (1) seeking declaratory judgment that the Initiatives violate federal and state laws; (2) alleging that Starbucks' directors and employees breached their fiduciary duties by adopting the Initiatives; (3) challenging these Initiatives as *ultra vires* acts, and; (4) seeking injunctive relief against the Initiatives' continuation.

## Procedural History

Plaintiff filed its original Complaint in the Spokane County Superior Court on August 30, 2022. Defendants removed the original Complaint to this Court on November 7, 2022. This Court, on March 21, 2023, denied Defendants' Motion to Change Venue. Defendants filed two separate Motions to Dismiss on May 19, 2022 and this Court granted a Stipulated Motion for a Briefing Schedule.

## Legal Standard

Traditionally, derivative actions are filed in the wake of corporate trauma or immense reform, where a corporation suffered harm, and a shareholder attempts to bring a suit to hold a company's board and/or management responsible for breaching their fiduciary duty or a sizable portion of shareholders disagree with the course of action taken by a corporation's managers. *See In re Boeing Co. Deriv. Litig.*, 2021 WL 4059934, at *12, 17, 20 (Del. Ch. Sept. 7, 2021) (where two 737 MAX crashes killed everyone onboard and led to grounding all 737 MAX aircraft in use for twenty months resulting in criminal charges and $22.5 billion in costs and billions more in penalties).

In a derivative action, "a stockholder who brings suit on a cause of action derived from the corporation assumes a position … of a fiduciary character." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 549-50 (1949). "[W]hile the stockholders have chosen the corporate director or manager, they have no such election as to a plaintiff who steps forward to represent them. [They are] a self-chosen representative." *Id.* Fed. R. Civ. P. 23.1(a) states that a "derivative action

**ORDER GRANTING MOTIONS TO DISMISS # 4**

may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders … in enforcing the right of the corporation[.]" Rule 23.1(a) "prevent[s] shareholders from suing in place of the corporation in circumstances where the action would disserve the legitimate interests of the company or its shareholders." *Daily Income Fund v. Fox*, 464 U.S. 523, 532 n.7 (1984).

Courts shall consider the following factors when determining whether a derivative plaintiff fairly and adequately represents the interests of a corporation or its shareholders: (1) any indications that plaintiff is not the true party in interest; (2) plaintiff's unfamiliarity with the litigation and unwillingness to learn about the suit; (3) the degree of control exercised by the attorneys over the litigation; (4) the degree of support received by plaintiff from other shareholders; (5) the lack of any personal commitment to the action on the part of the representative plaintiff; (6) the remedy sought by plaintiff in the derivative action; (7) the relative magnitude of plaintiff's personal interests compared to [their] interest in the derivative action itself; and (8) plaintiff's vindictiveness towards defendants. *Larson v. Dumke*, 900 F.2d 1363, 1367 (9th Cir. 1990). "[F]requently a combination of factors leads a court to conclude that the plaintiff does not fulfill the requirements of 23.1." *Id*. A "strong showing of one factor" is sufficient, particularly if it is "inimical" to the interests of the company or the company's other shareholders. *Youngman v. Tahmoush*, 457 A.2d 376, 379 (Del. Ch. 1983).

Washington State's version of the business judgment rule states that "[a] director shall discharge the duties of a director, including duties as member of a committee: (1) in good faith; (2) with the care of an ordinarily prudent person in a like position would exercise under similar circumstances; and (3) in a manner the director reasonably believes to be in the best interests of the corporation." RCW 23B.08.300. A plaintiff must plead with particularity that a board's refusal in its demand letter was wrongful. Rule 23.1(b)(3); RCW 23B.07.400(2). This

**ORDER GRANTING MOTIONS TO DISMISS # 5**

requirement is "stringent," *Quinn v. Anvil*, 620 F.3d 1005, 1012 (9th Cir. 2010), and "more onerous than that required to withstand an ordinary motion to dismiss." *Belova v. Sharp*, 2008 WL 700961, at *3 (D. Or. Mar. 13, 2008).

In Washington corporate law, a corporation's board of directors have exclusive authority to make decisions concerning the management of the corporation's business. RCW 23B.08.010(2)(b). Shareholder derivative lawsuits "are disfavored and may be brought only in exceptional circumstances." *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wash. 2d 107, 147, 744 P.2d 1032 (1987). There is "no prescribed procedure that a board must follow" when considering a demand, a plaintiff must plead facts that create a reasonable doubt that the board's refusal was "on an informed basis, in good faith[,] and in the honest belief that the action taken was in the best interests of the company." *Myers v. Alstead, et al.*, 2017 WL 3872408, at *4 (W.D. Wash. Sept. 5, 2017).

## Discussion

This Court is not an investment counselor. Nor is it a political attaché. Courts of law have no business involving themselves with reasonable and legal decisions made by the board of directors of public corporations. Starbucks mentions in its motion to dismiss:

> Plaintiff cannot proceed with this shareholder derivative lawsuit because it does not fairly and adequately represent the interests of shareholders, as required by Rule 23.1(a). Plaintiff's own Complaint, public statements, and course of conduct make clear that Plaintiff seeks to advance its own public policy agenda in disservice to the legitimate interests of Starbucks and its shareholders. ECF No. 19 at 2.

The Court agrees. It is clear Plaintiff is pursuing its personal interests rather than those of Starbucks. It has shown obvious vindictiveness toward Starbucks, that it would rather cause significant harm to Starbucks and other investors in the

**ORDER GRANTING MOTIONS TO DISMISS # 6**

form of a declaratory judgment, and that it lacks the support of the vast majority of Starbucks shareholders.

Plaintiff has a clear goal of dismantling what it sees as destructive DEI and ESG initiatives in corporate America. Contempt for DEI and ESG programming and practices is clear in Plaintiff's publications and literature. In fact, Plaintiff specifically calls for voting against every current member of Starbucks Board based primarily on support for these DEI Initiatives. Based on the briefing and nature of Plaintiff's self-described political interests, it is clear to the Court that Plaintiff did not file this action to enforce the interests of Starbucks, but to advance its own political and public policy agendas.

Furthermore, Plaintiff owns only 56 shares of approximately 1.15 billion outstanding shares of Starbucks stock. Plaintiff's shares are worth approximately $6,000 of a company with a market capitalization of more than $121 billion. Plaintiff's dislike of DEI and ESG Initiatives has little support from Starbucks' other shareholders and no support from Starbucks' Board. In this action, Plaintiff seeks to override the authority of the Starbucks Board and obtain disproportionate control of Starbucks' decision making to advance its own agenda in a manner contrary to the desires of Starbucks Board, management, and the vast majority of other shareholders. Plaintiff's views are not a fair and adequate representation of Starbucks. Therefore, when considering the *Larson* factors, and the outsized role four of these factors play in Plaintiff's Complaint, the Court must move in only one direction — granting the motion to dismiss.

Beyond the factors laid out in *Larson*, Plaintiff has not cleared the hurdle created by Rule 23.1(b)(3), which requires that the corporation acted wrongfully in denying Plaintiff's Demand at the corporate level. Absent in the Complaint is an allegation that Starbucks Board's refusal of the Demand was wrongful, that its investigation was unreasonable or not undertaken in good faith, that it was not sufficiently informed, or that its process was in any way inadequate. The Starbucks

**ORDER GRANTING MOTIONS TO DISMISS** # 7

Boards' process engaged outside counsel, management, and relevant subject matter experts to assist it in evaluating the Demand's contentions. Only after this careful deliberation did Starbucks determine that it was not in the best interests of Starbucks to retract the challenged Initiatives. Plaintiff fails to rebut the business judgment presumption showing that the Starbucks Board did not act on an informed basis, in good faith, and in the honest belief that rejecting the Demand was in the best interest of Starbucks. Therefore, the Complaint can also be dismissed for failing to overcome the business judgment rule.

Plaintiff is apparently unhappy with its investment decisions in so-called "woke" corporations. This Court is uncertain what that term means but Plaintiff uses it repeatedly as somehow negative. This Complaint has no business being before this Court and resembles nothing more than a political platform. Whether DEI and ESG initiatives are good for addressing long simmering inequalities in American society is up for the political branches to decide. If Plaintiff remains so concerned with Starbucks' DEI and ESG initiatives and programs, the American version of capitalism allows them to freely reallocate their capital elsewhere.

It is unnecessary to review Plaintiff's Complaint under a Rule 12(b)(6) analysis. Therefore, the Court declines to comment upon whether Plaintiff's Complaint can be dismissed for failing to state a claim upon which relief can be granted. The Court dismisses Plaintiff's Complaint for the reasons outlined above. This Order memorializes the Court's oral rulings.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Starbucks Corporation's Motion to Dismiss Complaint, ECF No. 19, is **GRANTED with prejudice**.

2. Individual Defendants' Motion to Dismiss Complaint, ECF No. 20, is **GRANTED in part with prejudice** and **DISMISSED as moot** as to Defendants' Rule 12(b)(6) assertion.

**ORDER GRANTING MOTIONS TO DISMISS** # 8

3.	Defendants' Request for Judicial Notice and Notice of Incorporation by Reference in Support of Defendants' Motions to Dismiss Complaint, ECF No. 21, is **GRANTED**.

4.	The Clerk of Court is directed to **ENTER JUDGMENT** in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close the file**.

**DATED** this 11th day of September 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTIONS TO DISMISS # 9**